104576-12

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  1:22cv22927

ARLETTE TEBELE,

     Plaintiff,

v.

COSTCO WHOLESALE CORPORATION and
JOHN DOE as manager,

     Defendants.

_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, COSTCO WHOLESALE

CORPORATION (hereinafter, "COSTCO"), hereby removes the above-styled action from the

Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, to the United

States District Court for the Southern District of Florida on the basis of diversity jurisdiction. In

support of removal, COSTCO states as follows:

**A.**    **Factual Background**

     1.    Plaintiff brought the instant civil action in the Eleventh Judicial Circuit for

Miami-Dade County, Florida against Defendant, Costco Wholesale Corporation and John

Doe, as manager, styled ARLETTE TEBELE v. COSTCO WHOLESALE

CORPORATION and JOHN DOE, as manager, Case No. 22-002291-CA-01.  *A true and*

*correct copy of all process and pleadings served upon COSTCO are attached hereto as*

*Composite Exhibit "A" in compliance with 28 U.S.C. § 1447(b).*

     2.    This action involves the Plaintiff's alleged personal injuries sustained as a

result of an alleged  incident at the  Costco Warehouse located at 14800 Sole Mia Way,

North Miami, FL 33181 on or about January 26, 2021. *See generally Plaintiff's Complaint, attached hereto as part of Composite Exhibit "A."*

3.      On February 14, 2022, Plaintiff made service of process on COSTCO. *See Affidavit of Service of Process, dated February 14, 2022, attached hereto as part of Composite Exhibit "A."*

**B.      Diversity Jurisdiction Exists**

4.      COSTCO is a Washington corporation with its principal place of business located in Issaquah, Washington. *See Fla. Division of Corporations 2022 Annual Report, attached hereto as Exhibit "B."*

5.      The Plaintiff, ARLETTE TEBELE, states she is a Florida resident who resides in Miami-Dade County. *See* ¶ 2 of Plaintiff's Complaint, *attached hereto as part of Composite Exhibit "A."* Consequently, it is presumed the Plaintiff is a citizen of Florida. *See Jones v. Law Firm of Hill & Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001).

6.      The amount in controversy in this case exceeds $75,000.00. Although the Complaint sets forth the minimal jurisdictional allegations necessary to invoke the jurisdiction of the state circuit court, the Plaintiff served a Proposal for Settlement in which Plaintiff is seeking $100,000.00 to settle this matter.  The amount in controversy exceeds the amount necessary to invoke the jurisdiction of the District Court. *See Plaintiff's Proposal for Settlement dated August 15, 2022, attached hereto as Exhibit "C".*

7.      Therefore, Defendant has met its burden in establishing the amount in controversy requirement. *See McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) (finding a Plaintiff's proposed settlement amount is relevant evidence of the amount in controversy); *Archer v. Kelly*, 271 F. Supp. 2d 1320, 1322 (N.D. Okla. 2003) (holding the

plaintiff's demand letter alleging damages of $1,325,000 was sufficient to establish that plaintiff's claim exceeded amount in controversy requirement necessary to exercise diversity jurisdiction); *Molina v. Wal-Mart Stores Tx.*, 535 F. Supp. 2d 805, 806 (W.D. Tex. 2008) (holding customer's pre-suit demand letter alleging damages of $100,000, was sufficient to establish an amount in controversy exceeding $75,000); *see also Scott v. Home Depot U.S.A., Inc.*, No. 11-62426-CIV, 2012 WL 86986, *2 (Fla. S.D. Jan. 11, 2012) (stating "a defendant may introduce its own affidavits, declarations or other documentation" to meet its burden to show that the amount in controversy exceeds $75,000).

8.      Accordingly, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interests and costs and the action is between the Plaintiff, who is a citizen of Florida, and Defendant, who is a citizen of Washington.  Removal to this Court is therefore proper pursuant to 28 U.S.C. § 1441 given this Court's diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441(a).

9.      Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of COSTCO's rights to assert any defenses or affirmative claims, including a counterclaim.

**C.      Procedural Compliance**

10.     COSTCO filed this Notice of Removal on September 14, 2022. Accordingly, this Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b). No further state court proceedings in this litigation have taken place as of the date of this Notice of Removal.

- 3 -

11.     Venue is proper in the United States District Court for the Southern District of Florida because the case is being removed from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

12.     In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders filed in this matter in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, that were served upon COSTCO are attached as *composite Exhibit "A."*

13.     In accordance with 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal, COSTCO has served Plaintiff with a copy of this Notice of Removal and has filed a Notice of Filing of Notice of Removal with the Clerk of the Court for the Eleventh Judicial Circuit in Miami-Dade County, Florida. A copy of the Notice of Filing Notice of Removal (without attachments) is attached hereto as *Exhibit "D."*

WHEREFORE, Defendant, COSTCO WHOLESALE CORPORATION, respectfully requests that the above action now pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida be removed therefrom to this Honorable Court because the citizenship of the parties is diverse and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

Dated:  **09/14/2022**.

Respectfully submitted,

*/s/ Jaime J. Baca*
Jaime J. Baca, Esquire (113859)
jbaca@wickersmith.com
WICKER SMITH O'HARA McCOY & FORD, P.A.
2800 Ponce de Leon Boulevard, Suite 800
Coral Gables, FL  33134
Telephone:    (305) 448-3939 | Facsimile:   (305) 441-1745
Attorneys for COSTCO WHOLESALE CORPORATION

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on **September 14, 2022**, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

*/s/ Jaime J. Baca*
Jaime J. Baca, Esquire

## SERVICE LIST

Jay Dermer, Esquire
Wolfson Law Firm, LLP
3399 SW Third Avenue
Miami, FL 33145
Telephone:    (305) 285-1115
Facsimile:    (305) 285-1608
eservice3@wolfsonlawfirm.com; jay@wolfsonlawfirm.com