**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE ELEVENTH   JUDICIAL CIRCUIT,
IN AND FOR MIAMI-DADE   COUNTY, FLORIDA

ARLETTE TEBELE
Plaintiff                                                     Case # _____
                                                              Judge _____

vs.

COSTCO WHOLESALE CORPORATION
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐  $8,000 or less
- ☐  $8,001 - $30,000
- ☐  $30,001- $50,000
- ☐  $50,001- $75,000
- ☒  $75,001 - $100,000
- ☐  over $100,000.00

### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

"Exhibit A"

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
     ☐ Business governance
     ☐ Business torts
     ☐ Environmental/Toxic tort
     ☐ Third party indemnification
     ☐ Construction defect
     ☐ Mass tort
     ☐ Negligent security
     ☐ Nursing home negligence
     ☒ Premises liability—commercial
     ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
     ☐ Commercial foreclosure
     ☐ Homestead residential foreclosure
     ☐ Non-homestead residential foreclosure
     ☐ Other real property actions

☐Professional malpractice
     ☐ Malpractice—business
     ☐ Malpractice—medical
     ☐ Malpractice—other professional
☐ Other
     ☐ Antitrust/Trade regulation
     ☐ Business transactions
     ☐ Constitutional challenge—statute or ordinance
     ☐ Constitutional challenge—proposed amendment
     ☐ Corporate trusts
     ☐ Discrimination—employment or other
     ☐ Insurance claims
     ☐ Intellectual property
     ☐ Libel/Slander
     ☐ Shareholder derivative action
     ☐ Securities litigation
     ☐ Trade secrets
     ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.      REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.       NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

  <u>2</u>

**VI.      IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.     HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Jonah M Wolfson</u>       Fla. Bar # <u>498130</u>
       Attorney or party            (Bar # if attorney)

<u>Jonah M Wolfson     </u>       <u>02/07/2022</u>
  (type or print name)           Date

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.

ARLETTE TEBELE,

      Plaintiff,

  v.

COSTCO WHOLESALE
CORPORATION, and JOHN
DOE as manager.

      Defendant.

_____/

## COMPLAINT

COMES NOW, the Plaintiff, and hereby sues, Defendants and alleges as follows:

1.     This is an action for damages in excess of thirty thousand ($30,000.00) dollars yet is uncertain whether it exceeds $75,000.

2.     The Plaintiff is a resident of Miami-Dade County and, at all times material hereto, was and is sui juris.

3.     The Defendant is a Foreign Profit Corporation and is subject to the jurisdiction of this Court.

4.     The Defendant JOHN DOE is a resident of Miami-Dade County and is subject to the jurisdiction of this court.

## DEFENDANT COSTCO WHOLESALE CORPORATION COUNT I – NEGLIGENCE

5.     The Plaintiff incorporates all of the allegations contained in Paragraphs 1-4 above as if fully set forth herein.

6.      On or about January 26th, 2021, the Defendant COSTCO WHOLESALE CORPORATION owned, maintained, and/or operated the Costco located at or near 14800 Sole Mia Way, North Miami, FL 33181 which is hereinafter referred to as "the premises".

7.      At that time and place, the Plaintiff went onto said premises as a business invitee and thereupon was caused to be injured by slipping on blueberries because of the Defendant's negligent acts.

8.      Defendant by or through its agents or servants (the negligence of which they are liable for), negligently caused Plaintiff to fall by performing or failing to perform one or more of the following acts:

A.      By carelessly and negligently failing to maintain the grounds on its premises in a reasonably safe condition, Defendant created a dangerous condition, to wit: a hazard to patrons who were ambulating on said premises, including, specifically, the Plaintiff; and

B.      By failing to correct a dangerous condition of which it knew or should have known by the use of reasonable care, to wit: a hazard to patrons who were ambulating on said premises, including, specifically, the Plaintiff; and

C.      By negligently failing to warn the Plaintiff of a dangerous condition (a hazard to patrons who were ambulating on said premises) concerning which Defendant had, or should have had, greater knowledge than that of the Plaintiff.

D.      Defendant created a dangerous condition, to wit: a hazard to patrons who were ambulating on said premises, including, specifically, the Plaintiff;

E.      The condition occurred with such regularity that Defendant knew or should have known of its existence.

9.      As a direct and proximate result of Defendant's commission of one or more of the negligent acts or omissions set forth above in 7(A-E), as aforesaid, the Plaintiff, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental

anguish, aggravation and/or acceleration of pre-existing condition(s), loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and the loss of ability to earn money in the past and in the future. The losses are either permanent or continuing in nature and the Plaintiff will suffer the losses in the future.

## DEFENDANT JOHN DOE COUNT II NEGLIGENCE

10. The Plaintiff readopts and re-alleges each and every allegation contained in paragraphs 1-9, as if they were fully set forth herein and further alleges:

11. At all times material hereto, Defendant JOHN DOE, the manager of the premises identified in paragraph 6, was in control of and responsible for managing the premises's safety and operations.

12. At that time and place, the Plaintiff went onto said premises as a business invitee and thereupon was caused to be injured by slipping and falling because of the Defendant's negligent acts.

13. The Defendant, JOHN DOE, as manager of the premises, owed to the Plaintiff a duty of reasonable care to maintain the premises in a condition reasonably safe for their intended uses and free from all conditions which could render them dangerous and unsafe for the Plaintiff, or present an unreasonable risk of harm to her, in her lawful use of the same.

14. As such, at all material times, said manager owed a duty of reasonable care to maintain the premises in a reasonably safe condition for the safety of business invitees on the premises.

15. The aforesaid manager's duty to maintain the premises in a reasonably safe condition included reasonable efforts to keep the premises free from safety

hazards that might foreseeably give rise to loss, injury, or damage.

16. Further, being in control of the aforedescribed premises in or around the area with the safety hazard in the aforesaid premises, Defendant, JOHN DOE, owed a duty to the Plaintiff, and other business invitees on the premises, to exercise reasonable care to maintain the aforesaid premises in such manner as to avoid injury or damages to business invitees, such as Plaintiff, as a result of any safety hazard in said premises.

17. Defendant JOHN DOE  by or through its agents or servants (the negligence of which they are liable for), negligently caused Plaintiff to slip and fall by performing or failing to perform one or more of the following acts:

A.      By carelessly and negligently failing to maintain the grounds on its premises in a reasonably safe condition, Defendant created a dangerous condition, to wit: a hazard to patrons who were ambulating on said premises, including, specifically, the Plaintiff; and

B.      By failing to correct a dangerous condition of which it knew or should have known by the use of reasonable care, to wit: a hazard to patrons who were ambulating on said premises, including, specifically, the Plaintiff; and

C.      By negligently failing to warn the Plaintiff of a dangerous condition (a hazard to patrons who were ambulating on said premises) concerning which Defendant had, or should have had, greater knowledge than that of the Plaintiff.

D.      Defendant created a dangerous condition, to wit: a hazard to patrons who were ambulating on said premises, including, specifically, the Plaintiff;

E.      The condition occurred with such regularity that Defendant knew or should have known of its existence.

18. As a direct and proximate result of Defendant's commission of one or more of the

negligent acts or omissions set forth above in 17(A-E), as aforesaid, the Plaintiff, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, aggravation and/or acceleration of pre-existing condition(s), loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and the loss of ability to earn money in the past and in the future. The losses are either permanent or continuing in nature and the Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff demands judgment for damages against the Defendant costs of this action, and such other further equitable and legal relief as this Court may deem appropriate, and furthermore demand trial by jury of all issues so triable as of right by jury.

WHEREFORE, the Plaintiff demands judgment for damages against the Defendant costs of this action, and such other further equitable and legal relief as this Court may deem appropriate, and furthermore demand trial by jury of all issues so triable as of right by jury.

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was served together with a Request for Production, Interrogatories, and Summons.

WOLFSON LAW FIRM, LLP
Attorneys for Plaintiff
3399 S.W. 3rd Avenue
Miami, FL 33145
Telephone (305) 285-1115
Facsimile (305) 285-1608
eservice3@wolfsonlawfirm.com

/s/ Jay Dermer
By: _____
JAY DERMER, ESQ.
FLA. BAR NO.0115443

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.

ARLETTE TEBELE,

       Plaintiff,

  v.

COSTCO WHOLESALE
CORPORATION, and JOHN
DOE as manager.

       Defendant.

_____/

## <u>NOTICE OF SERVICE OF PLAINTIFF'S<br>FIRST SET OF INTERROGATORIES TO DEFENDANT</u>

      Plaintiff, by and through the undersigned counsel, files this Notice of Service of Plaintiff's First Set of Interrogatories together with the Complaint, to be answered by Defendant, in writing and under oath, within 45 days of service of same.

      WOLFSON LAW FIRM, LLP
      Attorneys for Plaintiff
      3399 S.W. 3rd Avenue
      Miami, FL 33145
      Telephone (305) 285-1115
      Facsimile (305) 285-1608
      eservice3@wolfsonlawfirm.com

          /s/ Jay Dermer
By: _____
      JAY DERMER, ESQ.
      FLA. BAR NO.0115443

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

1. What is the name and address of the person answering these Interrogatories, and if applicable, the person's official position or relationship with the party to whom the Interrogatories are directed?

2. What is the name and address of the manager of the Defendant's premises on the date in question as described in the Complaint

3. Describe any and all policies of insurance which you contend cover or may cover you or your company and/or the Defendant for the allegations set forth in Plaintiff's Complaint, providing:

   a.    the name of the insurer;

   b.    number of the policy;

   c.    the effective dates of the policy;

   d.    the available limits of liability; and

   e.    the name and address of the custodian of the policy.

4.    Do you dispute that the accident occurred on the date alleged and at or near the place alleged in the Complaint? If so, please set forth what you claim to be the correct date and state exactly where said accident occurred.

5.    Please set forth the name and address of any and all individual(s), partnership(s) and/or corporation(s) who, on the date of the incident herein, owned the premises where the incident alleged in the complaint occurred.

6.    Please set forth the name and address of any and all individual(s), partnership(s) and/or corporation(s) who, on the date of the incident herein, maintained the premises where the incident alleged in the complaint occurred. Please also state under what authority or agreement any individual(s), partnership and/or corporation listed in this answer maintained said premises.

7.    Please set forth the name and address of any and all individual(s), partnership(s) and/or corporation(s) who, on the date of the incident herein, controlled and/or operated the premises where the incident alleged in the complaint occurred. Please also state under

what authority or agreement any individual(s), partnership and/or corporation listed in this answer controlled and/or operated said premises.

8.      Please set forth the name and address of any and all individual(s), partnership(s), and/or corporation(s) whose was/were responsible for the safety of the premises where the incident in this case occurred on the date of the incident in this case.

9.      Describe in detail each act or omission on the part of any party to this lawsuit or any other person or entity that you contend constituted negligence that was a contributing legal cause of the incident in question.

10.     State the facts upon which you rely for each Affirmative Defense in your Answer.

11.     List the names and addresses of all persons who are believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues in this lawsuit, and specify the subject matter about which the witness has knowledge.

12.     Have you heard or do you know about any statement or remark made by or on behalf of any party of this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each such person who made the statement or statements, the name and address of each person who heard it and the date, time, place and substance of each statement.

13.     State the name and address of every person known to you, your agents or attorneys who has knowledge about, or possession, custody or control of any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

14.     Has this Defendant been sued under its correct name?  If not, please state the correct name and explain your answer so that service may be properly obtained.

15.     Please state whether or not you have a copy of any statement which the Plaintiff has previously made concerning this action or its subject matter and which is in your

possession, custody, or control. If so, please provide a copy of that statement to Plaintiff's counsel.

(For the purpose of this question, statement previously made includes: [1] written statement signed or otherwise adopted or proved by the person making it, [2] stenographic, mechanical, electrical or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.)

16.      State whether you or your attorneys or anyone on your behalf conducted any surveillance on the Plaintiff in the above-captioned matter and, if so, please state the name and address of any and all persons who have conducted said surveillance. Also, please set forth the dates and times of any surveillance taken.

17.      State the names and addresses of all agents, servants, employees, representatives or others who investigated the subject incident on your behalf.

18.      State the names, present residence addresses and telephone numbers of all persons known to you or your attorneys to have been eyewitnesses to the accident described in the Complaint.

19.      State the names, exact addresses and telephone numbers of all persons known to you or your attorneys who were at the scene or near the scene of the accident described in the Complaint at or near the time of the subject accident, and who have personal knowledge concerning the occurrence thereof, although not eyewitness thereto.

20.      If any of the Defendants, agents, servants and/or employees were notified that the Plaintiff had sustained an injury, please state when said notice was received, the name and address of the person receiving said notice, said person's employment capacity, and the name and address and employment capacity, if any, of the person from whom said notice was received.

21.      If any person known to the Defendant inspected the area where the Plaintiff was injured after the Plaintiff's accident, please state the name and address of the person inspecting said area, the time and date of said inspection, the employment capacity, if any, of said person, and the condition that said person determined to exist by said inspection.

22.      Please state whether or not inspection was made of the area where the Plaintiff

allegedly was injured within a period of 1 (one) year prior to the time of the accident and, if so, please state the name and address of the person or persons performing said inspection, the times or frequencies of said inspections, whether or not said inspection revealed any defect or condition to be present, and the name and address of the person performing said inspection.

23.     Please state whether or not at the time of the accident, the Plaintiff was either impliedly or expressly invited onto the Defendant's premises.

24.     Please identify with detail and set forth the name and address of the custodian of any and all rules, regulations, policies, procedures, and directives that pertain to the operation, maintenance, control, management of the premises upon which the incident in the complaint is alleged to have occurred.

25.     Please identify with detail and set forth the name and address of the custodian of any and all rules, regulations, policies, procedures, and directives that pertain to the actions of any and all employees or independent contractors that have come on the premises where the incident alleged in the complain occurred within the last five (5) years.

26.     Please set forth the name and address of each and every employee or contractor that has come on the premises set forth in the complaint to do work of any kind and was paid directly or indirectly by the Defendant within the past five (5) years and specify the reason he, she, or it came on the premises.

27.     Were there cameras close to where the Plaintiff fell that were pointed to the area where he/she fell?

   a. If so, please state whether or not these cameras captured the Plaintiff's fall.  If the cameras did not capture the Plaintiff's fall, please indicate why they did not.  If the cameras did capture his/her fall, please set forth the name and address of the custodian of said video.

   b. If the video was destroyed, please state the name and address of who did so and the date and time and address of where and when it was done.

28.     Did you or did anyone on your behalf perform any type of surveillance on the Plaintiff? If so, when and where?

29.      Do you contend that any other person, firm, or corporation had the responsibility to maintain the area at or near where the Plaintiff claims to have fallen in the Complaint?  If so, please state the name and address of any such person, firm, or corporation.

_____

STATE OF FLORIDA )
        )  SS:
COUNTY OF    )

   BEFORE ME, the undersigned authority, personally appeared, _____ who is well known to me or who has produced _____ as identification, deposes and states that the foregoing matters are truthful and correct to the best of her knowledge and belief.

_____

SWORN TO AND SUBSCRIBED
before me this _____ day
of _____, 20_____

_____
Notary Public

My Commission Expires:

_____
Commission No.

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.

ARLETTE TEBELE,

     Plaintiff,

v.

COSTCO WHOLESALE
CORPORATION, and JOHN
DOE as manager.

     Defendant.

_____/

**NOTICE OF COMPLIANCE WITH FLORIDA RULE OF CIVIL
PROCEDURE 2.516 AND DESIGNATION OF E-MAIL ADDRESS(ES)**

     The undersigned counsel for Plaintiff, hereby files this Notice of Compliance with
Florida Rule of Civil Procedure 2.516(b)(1) and designates the following e-mail
recipient(s) upon which any and all documents to be filed with the Court in the above
captioned case shall be served to:

     Primary address:     eservice3@wolfsonlawfirm.com
     Secondary address:     jay@wolfsonlawfirm.com

**CERTIFICATE OF SERVICE**

     A true and correct copy of this Notice of Designation of Email Address(es) was
served together with a copy of the Summons, Complaint, Interrogatories and Request for
Production.

     WOLFSON LAW FIRM, LLP
     Attorneys for Plaintiff
     3399 S.W. 3rd Avenue
     Miami, FL 33145
     Telephone (305) 285-1115
     Facsimile (305) 285-1608
     eservice3@wolfsonlawfirm.com

     /s/ Jay Dermer
By: _____
     JAY DERMER, ESQ.
     FLA. BAR NO.0115443

Filing # 143393921 E-Filed 02/07/2022 11:12:00 AM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.

ARLETTE TEBELE,

      Plaintiff,

  v.

COSTCO WHOLESALE
CORPORATION, and JOHN
DOE as manager.

      Defendant.

_____/

## PLAINTIFF'S REQUEST FOR COPIES

Plaintiff, by and through the undersigned counsel, files this Request for Copies of all documents
produced in response to any subpoena issued in this cause of action. Any charges exceeding $100
must be approved by the undersigned counsel in advance. Parties are hereby placed on notice that
any copies of records not produced or invoiced, that the Plaintiff reserves the right to object to the
use of those records for any purpose.

## CERTIFICATE OF SERVICE

    A true and correct copy of this Request was served together with a copy of the Summons,
Complaint, and initial discovery.

WOLFSON LAW FIRM, LLP
Attorneys for Plaintiff
3399 S.W. 3rd Avenue
Miami, FL 33145
Telephone (305) 285-1115
Facsimile (305) 285-1608
eservice3@wolfsonlawfirm.com

    /s/ Jay Dermer
By: _____
    JAY DERMER, ESQ.
    FLA. BAR NO.0115443

Filing # 143393921 E-Filed 02/07/2022 11:12:00 AM

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.

ARLETTE TEBELE,

      Plaintiff,

  v.

COSTCO WHOLESALE CORPORATION, and JOHN DOE as manager.

      Defendant.

_____/

## <u>REQUEST FOR PRODUCTION TO DEFENDANT</u>

The Plaintiff, by and through the undersigned attorney and pursuant to Florida Rule of Civil Procedure of 1.350, requests the Defendant, to produce the following items at the undersigned counsel's office within 45 days from the date of service of this Request to Produce together with the Complaint.

1.      Any indemnity agreements between the Defendant and any non-party which is relevant to the accident and injuries which form the basis of this action.

2.      Any and all photographs in possession or control of the Defendant or their agents of the scene of the accident.

3.      Any and all expert reports which have been obtained from any expert.  If a report has not been prepared, the preparation of a report is hereby requested.

4.      Any and all insurance agreements or policies under which any person or entity providing insurance to the Defendant may be liable for part or all of a judgment which may be rendered in this action.

5.      Copies of any and all statements previously made by the Plaintiff or Defendant concerning the subject matter of this action, including any written statements, signed or otherwise adopted or approved by the Plaintiff, and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by the Plaintiff hereto and contemporaneously recorded.

6.      Any and all photographs relevant to the issues herein.

7.     Any and all sweep and/or inspection reports of any kind concerning the floors of the entire store where the alleged incident occurred, from the day of the incident described in the complaint.

8.     Any and all video and/or photographic evidence, whether in digital, film, computer or any other format of any kind that depicts any part of the incident described in the complaint.

9.     Any and all video and/or photographic evidence, whether in digital, film, computer or any other format of any kind that depicts the Plaintiff in any way on the date of the incident described in the complaint.

10.     Any and all video and/or photographic evidence, whether in digital, film, computer or any other format of any kind that depicts any part of the subject store, on the date of the incident described in the complaint.

11.     Any and all incident reports with everything redacted except for the names and addresses of any person who filled out said report or who was at or near the incident described in the complaint at or near the time of the incident described in the complaint.

12.     Any and all rosters and or schedules showing the employees who were working on the day of the incident described in the complaint.

13.     Any and all written or otherwise recorded materials provided to any employee that was working for Defendant on the day of the incident that were given to that employee during any training he or she received during his or her entire tenure at employed by the Defendant.

14.     Any and all written or otherwise recorded materials provided to any employee that was employed with Defendant on the day of the incident.

15.     Any and all written or otherwise recorded rules, policies, and procedures provided to any employee of Defendant within the last 10 years.

16.     Any and all written or otherwise recorded rules, policies, and procedures provided to any employee at the subject store within the past 5 years.

17.      Any and all written or otherwise recorded information provided to any employee at the subject store within the past 5 years.

18.     Any and all licenses held by any employee of Defendant.

19.     Any and all rules that any employees of Defendant had to follow on the date of the incident.

20.     Any and all rules that any employees of Defendant were given in the past 10 years.

21.     Any and all policies that any employees of Defendant were given in the past 10 years.

22.     Any and all procedures that any employees of Defendant were given in the past 10 years.

23.     Any and all agreements with any companies that may be responsible for the maintenance of the subject property.

24.     Any and all management agreements.

25.     Any and all code violations received by Defendant in the last 5 years.

**<u>CERTIFICATE OF SERVICE</u>**

That a true and correct copy of the foregoing was personally served upon the Defendant together with the Summons, Complaint, and Interrogatories.

WOLFSON LAW FIRM, LLP
Attorneys for Plaintiff
3399 S.W. 3rd Avenue
Miami, FL 33145
Telephone (305) 285-1115
Facsimile (305) 285-1608
eservice3@wolfsonlawfirm.com

/s/ Jay Dermer
By: _____
JAY DERMER, ESQ.
FLA. BAR NO.0115443

Filing # 143473555 E-Filed 02/08/2022 09:32:11 AM

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.  2022-002291-CA-01

ARLETTE TEBELE,

     Plaintiff,

  v.

COSTCO WHOLESALE
CORPORATION, and JOHN
DOE as manager.

     Defendant.

_____/

**CIVIL ACTION SUMMONS**

THE STATE OF FLORIDA;

To All and Singular the Sheriffs of State:

YOU ARE HEREBY COMMANDED to serve this Summons, a copy of the Complaint on the Defendant pursuant to F.S. 48.193 and 48.194:

     BY SERVING:   COSTCO WHOLESALE CORPORATION
                       **Registered Agent Name & Address**
                       C T CORPORATION SYSTEM
                       1200 SOUTH PINE ISLAND ROAD
                       PLANTATION, FL 33324

Each Defendant is required to serve written defenses to the Complaint or Petition on the Plaintiff's attorney, to wit:  <u>WOLFSON LAW FIRM, LLP, whose address is 3399 S.W. 3rd Avenue, Miami, FL 33145, Telephone number (305) 285-1115,</u> within 20 days after service of this Summons on that Defendant exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on the Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against the Defendant for the relief demanded in the Complaint or Petition.

WITNESS my hand and seal of this Court on _____, 20__.

Clerk of said Court


By: _____

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.  2022-002291-CA-01

ARLETTE TEBELE,

     Plaintiff,

  v.

COSTCO WHOLESALE CORPORATION, and JOHN DOE as manager.

     Defendant.

_____/

## **CIVIL ACTION SUMMONS**

THE STATE OF FLORIDA;

To All and Singular the Sheriffs of State:

YOU ARE HEREBY COMMANDED to serve this Summons, a copy of the Complaint on the Defendant pursuant to F.S. 48.193 and 48.194:

     BY SERVING:  COSTCO WHOLESALE CORPORATION
                  **Registered Agent Name & Address**
                  C T CORPORATION SYSTEM
                  1200 SOUTH PINE ISLAND ROAD
                  PLANTATION, FL 33324

Each Defendant is required to serve written defenses to the Complaint or Petition on the Plaintiff's attorney, to wit:  WOLFSON LAW FIRM, LLP, whose address is 3399 S.W. 3rd Avenue, Miami, FL 33145, Telephone number (305) 285-1115, within 20 days after service of this Summons on that Defendant exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on the Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against the Defendant for the relief demanded in the Complaint or Petition.

WITNESS my hand and seal of this Court on _____2/10/2022_____, 20__.

                                       Clerk of said Court   Harvey Ruvin,
                                                Clerk of Courts

                                     _Nathalie Figueroa_ 32429

                                   By: _____

Filing # 144090950 E-Filed 02/17/2022 09:14:53 AM

## RETURN OF SERVICE

State of Florida                    County of Miami-Dade                    Circuit Court Court

Case Number: 2022-002291 CA 01

Plaintiff:
ARLETTE TEBELE

vs.

Defendant:
COSTCO WHOLESALE CORPORATION and JOHN DOE as manager

For:
JONAH WOLFSON
JONAH M. WOLFSON, ESQ
3399 SW 3RD AVE
MIAMI, FL 33145

Received by 60 Minute Courier & Process Server, Inc. on the 11th day of February, 2022 at 8:06 am to be served on COSTCO WHOLESALE CORPORATION. C T CORPORATION SYSTEM AS REGISTERED AGENT, 1200 SOUTH PINE ISLAND RD, PLANTATION, FL 33324

I, SUSAN D PINEIRO, do hereby affirm that on the 14th day of February, 2022 at 9:45 am, I:

served a CORPORATION by delivering a true copy of the Summons in a Civil Action with the date and hour of service endorsed thereon by me, to: DONNA MOCH as SPECIALIST AT REGISTERED AGENT for COSTCO WHOLESALE CORPORATION., at the address of: 1200 SOUTH PINE ISLAND RD, PLANTATION, FL 33324, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served.

SUSAN D PINEIRO
SPS #1065

60 Minute Courier & Process Server, Inc.
2600 SW 27th Ave.,
Apt 903
Miami, FL 33133
(786) 285-2807

Our Job Serial Number: MNC-2022000055

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2b

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

2/11/22
17325

GENERAL JURISDICTION DIVISION

CASE NO. 2022-002291-CA-01

ARLETTE TEBELE,

     Plaintiff,

v.

COSTCO WHOLESALE
CORPORATION, and JOHN
DOE as manager.

     Defendant.

_____/

## CIVIL ACTION SUMMONS

THE STATE OF FLORIDA;

To All and Singular the Sheriffs of State:

YOU ARE HEREBY COMMANDED to serve this Summons, a copy of the Complaint on the Defendant pursuant to F.S. 48.193 and 48.194:

     BY SERVING:   COSTCO WHOLESALE CORPORATION
                       **Registered Agent Name & Address**
                       C T CORPORATION SYSTEM
                       1200 SOUTH PINE ISLAND ROAD
                       PLANTATION, FL 33324

Each Defendant is required to serve written defenses to the Complaint or Petition on the Plaintiff's attorney, to wit: <u>WOLFSON LAW FIRM, LLP, whose address is 3399 S.W. 3rd Avenue, Miami, FL 33145, Telephone number (305) 285-1115,</u> within 20 days after service of this Summons on that Defendant exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on the Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against the Defendant for the relief demanded in the Complaint or Petition.

WITNESS my hand and seal of this Court on _____2/10/2022_____, 20__.

                               Clerk of said Court   Harvey Ruvin,
                                            Clerk of Courts

                                          32429

                              By: _____

104576-12

|  | IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA |

ARLETTE TEBELE,

       CIRCUIT CIVIL DIVISION

     Plaintiff,

       CASE NO. 2022-002291-CA-01

v.

COSTCO WHOLESALE
CORPORATION and JOHN DOE as
manager,

     Defendants.

_____/

**DEFENDANT, COSTCO WHOLESALE CORPORATION'S
DESIGNATION OF E-MAIL ADDRESSES PURSUANT TO RULE 2.516**

     Attorneys for Defendant, COSTCO WHOLESALE CORPORATION, hereby designate,

pursuant to Rule 2.516, the following e-mail addresses for the purpose of service of all

documents required to be served pursuant to Rule 2.516 in this proceeding:

      **Primary E-Mail Address:**      miacrtpleadings@wickersmith.com**
       ****THIS EMAIL ADDRESS IS FOR SERVICE OF PLEADINGS <u>ONLY</u>**

      **Secondary E-Mail Address:**    jbaca@wickersmith.com
      **Additional E-Mail Address:**    jperez1@wickersmith.com

     WE HEREBY CERTIFY that a copy hereof has been electronically served via Florida
ePortal to: Jay Dermer, Esquire, (eservice3@wolfsonlawfirm.com; jay@wolfsonlawfirm.com);
on **March 7, 2022.**

            */s/ Jaime J. Baca*
            Jaime J. Baca, Esquire
            Florida Bar No. 113859
            WICKER SMITH O'HARA MCCOY & FORD, P.A.
            Attorneys for COSTCO WHOLESALE
            CORPORATION
            2800 Ponce de Leon Boulevard, Suite 800
            Coral Gables, FL 33134
            Phone: (305) 448-3939
            Fax: (305) 441-1745
            miacrtpleadings@wickersmith.com

104576-12

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

ARLETTE TEBELE,                              CIRCUIT CIVIL DIVISION

     Plaintiff,                              CASE NO. 2022-002291-CA-01

v.

COSTCO WHOLESALE
CORPORATION and JOHN DOE
as manager,

     Defendants.

_____/

## DEFENDANT, COSTCO WHOLESALE CORPORATION'S
## NOTICE OF SERVING INTERROGATORIES TO PLAINTIFF

Defendant, COSTCO WHOLESALE CORPORATION, propounds General Personal

Injury Interrogatories and Healthcare Interrogatories to Plaintiff, ARLETTE TEBELE, to be

responded to within the time and manner prescribed by Florida Rule of Civil Procedure 1.340.

WE HEREBY CERTIFY that the signed original of this facesheet has been electronically
served via Florida ePortal, and that an original of the interrogatories along with a copy of this
facesheet have been furnished to Jay Dermer, Esquire, (eservice3@wolfsonlawfirm.com;
jay@wolfsonlawfirm.com) by e-mail on **March 7, 2022**.

*/s/ Jaime J. Baca*
Jaime J. Baca, Esquire
Florida Bar No. 113859
WICKER SMITH O'HARA MCCOY & FORD, P.A.
Attorneys for COSTCO WHOLESALE
CORPORATION
2800 Ponce de Leon Boulevard, Suite 800
Coral Gables, FL  33134
Phone: (305) 448-3939
Fax: (305) 441-1745
miacrtpleadings@wickersmith.com

104576-12

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

ARLETTE TEBELE,                                    CIRCUIT CIVIL DIVISION

     Plaintiff,                                   CASE NO. 2022-002291-CA-01

v.

COSTCO WHOLESALE
CORPORATION and JOHN DOE as
manager,

     Defendants.

_____/

### DEFENDANT, COSTCO WHOLESALE CORPORATION'S
### REQUEST FOR ADMISSIONS TO PLAINTIFF

Pursuant to Fla. R. Civ. P., Rule 1.370, the Defendant, COSTCO WHOLESALE CORPORATION, requests the Plaintiff, ARLETTE TEBELE, to admit or deny each of the following:

1.     Plaintiff(s) received or is entitled to receive benefits from a collateral source, as defined by Florida Statute 627.7372 or Florida Statute 768.76, for medical bills alleged to have been incurred as a result of the incident described in the Complaint.

2.     Plaintiff(s) received or is entitled to receive benefits from a collateral source as defined by Florida Statute 627.7372 or Florida Statute 768.76, for loss of wages or income alleged to have been sustained as a result of the incident described in the Complaint.

3.     Plaintiff(s) received or is entitled to receive benefits pursuant to personal or group health insurance policy, for medical bills alleged to have been incurred as a result of the incident described in the Complaint.

CASE NO. 2022-002291-CA-01

4.      Plaintiff(s) received or is entitled to receive benefits pursuant to a personal or group wage continuation plan or policy, for loss of wages or income alleged to have been sustained as a result of the incident described in the Complaint.

5.      Plaintiff(s) did not sustain a permanent injury within a reasonable degree of medical probability other than scarring or disfigurement as a result of the subject accident.

6.      Plaintiff(s) did not sustain significant and permanent scarring or disfigurement as a result of the subject accident.

7.      Plaintiff(s) did not sustain significant and permanent loss of an important bodily function as a result of the subject accident.

8.      Plaintiff(s) received or is entitled to receive benefits pursuant to a personal or group wage continuation plan or policy, for loss of wages or income alleged to have been sustained as a result of the incident described in the Complaint.

9.      Plaintiff(s) did not inspect his/her surroundings immediately before the subject incident.

10.     Plaintiff(s) did not inspect the floor surrounding his/her immediately before the subject accident.

11.     Plaintiff(s) failure to inspect his/her surroundings immediately before the subject incident contributed to the subject incident.

12.     Plaintiff(s) failure to inspect the floor surrounding his/her immediately before the subject incident contributed to the subject incident.

13.     Plaintiff(s) footwear contributed to the subject accident.

14.     Plaintiff(s) own negligence contributed to the subject incident.

15.     The sole cause of the subject incident is due to the negligence of Plaintiff(s).

CASE NO. 2022-002291-CA-01

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a copy hereof has been electronically served via Florida ePortal to: Jay Dermer, Esquire, (eservice3@wolfsonlawfirm.com; jay@wolfsonlawfirm.com) on **March 7, 2022**.

> */s/ Jaime J. Baca*
> Jaime J. Baca, Esquire
> Florida Bar No. 113859
> WICKER SMITH O'HARA MCCOY & FORD, P.A.
> Attorneys for COSTCO WHOLESALE CORPORATION
> 2800 Ponce de Leon Boulevard, Suite 800
> Coral Gables, FL  33134
> Phone: (305) 448-3939
> Fax: (305) 441-1745
> miacrtpleadings@wickersmith.com

104576-12

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

ARLETTE TEBELE,                                     CIRCUIT CIVIL DIVISION

      Plaintiff,                                     CASE NO. 2022-002291-CA-01

v.

COSTCO WHOLESALE
CORPORATION and JOHN DOE as
manager,

      Defendants.

_____/

## DEFENDANT, COSTCO WHOLESALE CORPORATION'S
## REQUEST FOR PRODUCTION TO PLAINTIFF

PURSUANT to Rule 1.350, Fla. R. Civ. P., the Plaintiff, ARLETTE TEBELE, is hereby

requested to produce to the Defendant, COSTCO WHOLESALE CORPORATION, in the time

required by Rule 1.350, at the offices of the undersigned counsel, the following:

1.     Federal Income Tax Returns and W-2 Forms for the past five years including
individual and joint tax returns.

2.     Federal Income Tax Returns for the past five years filed for any business or
corporation that the Plaintiff has or had an ownership or financial interest.

3.     A complete copy of the front and back sides of any and all health insurance cards
or any type of insurance benefit card.

4.     A color copy of the front and back of your driver's license.

5.     Any and all notices of claim, loss, or injury submitted by you or on your behalf to
the Defendant(s) or its/their insurance carrier(s).

6.     A color copy of all pages contained within your passport, including the front and
back sides of the cover.

7.     All medical bills, doctor bills, hospital bills, drug bills, nursing bills, ambulance
bills, and bills for similar expenses incurred as a result of and related to the injuries
which are or may be the subject matter of this lawsuit.

CASE NO. 2022-002291-CA-01

8.     All repair bills, and repair estimates or documents evidencing property damage incurred or being claimed as a result of the accident or incident which is the subject matter of the complaint.

9.     Laser color copies of any and all photographs in the possession of the Plaintiff(s), Plaintiff(s)' attorneys, investigators, agents, servants, or employees which are in any manner related to the subject matter of this lawsuit, specifically including but not limited to all photographs of the parties, or the scene of the subject accident or incident.  If none in your possession, but the item(s) exist, please so state, including the name and address of the party who maintains possession.

10.    Laser copies of all photographs depicting any change in the physical appearance of the Plaintiff(s) that was allegedly caused by the act or acts of the Defendants.

11.    Any and all videos in the possession of the Plaintiff(s), Plaintiff(s)' attorneys, investigators, agents, servants, or employees which are in any manner related to the subject matter of this lawsuit, specifically including but not limited to all videos, videos or "day in the life" videos of the parties, or the scene of the subject accident or incident. If none in your possession, but the item(s) exist, please so state, including the name and address of the party who maintains possession.

12.    All medical reports received by the Plaintiff(s), Plaintiff(s)' attorneys, investigators, agents, servants, or employees, from doctors, physicians or anyone else who has examined or rendered treatment to the Plaintiff(s), for injuries incurred as a result of the accident or incident which is the subject matter of this lawsuit.

13.    All medical and hospital records for the Plaintiff for the past five years.

14.    All letters of protection issued to each and every treating physician.

15.    All documentary evidence of benefits or payments made to the Plaintiff(s) or on Plaintiff(s) behalf pursuant to Florida Statute.

16.    All documents reflecting payments made to Plaintiff(s) or on their behalf, as a result of the incident and/or damages that are the subject of this case by the following:

        A.    The United States Social Security Act; any Federal State or Local Disability Act; any other public programs providing medical benefits or payment for medical expenses, disability or other similar benefits.

        B.    Any health, sickness or disability income insurance or other similar insurance benefits.

2

CASE NO. 2022-002291-CA-01

    C.      Any contract or agreements of any group, organization, partnership or corporation to provide, pay for or reimburse costs of hospital, medical or other health care services.

    D.      Any contractual or voluntary wage continuation plan provided by any employers or the Plaintiff(s) or any other system intended to provide wages during any period of alleged disability of the Plaintiff(s).

    E.      Any other collateral source whatsoever providing compensation as a result of the damages incurred as a result of the incident or incidents which are the subject of this claim.

17. Any audio recordings that are in any manner related to the subject matter of this lawsuit.

18. All statements made by this Defendant, its agents or employees, that are in the possession or control of Plaintiff(s) or Plaintiff(s)' attorneys, servants, employees or agents regarding the incident complained of or in any way relating to the issues raised by the Complaint.

19. All reports received from any experts the Plaintiff(s) intend to call at the time of trial and copies of all documents the experts have reviewed in preparation for rendering any opinions in this case.

20. All documents that the experts have reviewed in arriving at their opinions in this case. (This request only relates to experts Plaintiff(s) intend to call at trial to testify.)

21. All other documents in the possession or control of the Plaintiff(s) that support the Plaintiff(s)' claims that the Defendants are liable for the damages being claimed in this case.

22. Any and all notices of intent to collect damages from the tort-feasor directed towards any provider of collateral source payments pursuant to Florida Statute §768.76(6). Please also include proof that the notice was sent by certified or registered mail.

23. Any statements from providers of collateral source payments that assert a right to subrogation or reimbursement pursuant to Florida Statute §768.76(7).

24. Any correspondence sent to or received by the Plaintiff(s) from any Defendant. This request does not include any correspondence with any attorneys and is strictly limited to any correspondence between the named parties in this litigation.

3

CASE NO. 2022-002291-CA-01

25.    The Plaintiff's Social Security Personal Earnings and Benefits Statement.  *In the alternative, sign and return the enclosed authorization for records.*

26.    Any and all settlement agreements and releases with any individual or corporation that in any way relate to or arise out of the allegations that are the subject of this litigation.

27.    Attached is an Authorization for the release of your Prescription Profile from Publix.  Please execute it and return with your response.

28.    Any and all statements obtained from any person pertaining to the allegations in the Complaint.

29.    All notes, text messages, and emails written by the Plaintiff(s) prior to the retention of counsel that relate to the allegations or subject matter of the Complaint.

<u>**CERTIFICATE OF SERVICE**</u>

WE HEREBY CERTIFY that a copy hereof has been electronically served via Florida ePortal to: Jay Dermer, Esquire, (eservice3@wolfsonlawfirm.com; jay@wolfsonlawfirm.com) on <u>**March 7, 2022**</u>.

<u>*/s/ Jaime J. Baca*</u>
Jaime J. Baca, Esquire
Florida Bar No. 113859
WICKER SMITH O'HARA MCCOY & FORD, P.A.
Attorneys for COSTCO WHOLESALE CORPORATION
2800 Ponce de Leon Boulevard, Suite 800
Coral Gables, FL  33134
Phone: (305) 448-3939
Fax: (305) 441-1745
miacrtpleadings@wickersmith.com

4

Form **SSA-7050-F4** (02-2021)                                                                    Page 2 of 4

# REQUEST FOR SOCIAL SECURITY EARNING INFORMATION

1.  Provide your name as it appears on your most recent Social Security card or the name of the individual whose earnings you are requesting.

First Name: ☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐    Middle Initial: ☐

Last Name: ☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

Social Security Number (SSN) ☐☐☐ ☐☐ ☐☐☐☐    One SSN per request

Date of Birth:                                    Date of Death:

Other Name(s) Used
Maiden Name

2. What kind of earnings information do you need? (Choose **ONE** of the following types of earnings or SSA must return this request.)

☐ **Itemized Statement of Earnings $92.00**          Year(s) Requested: ☐☐☐☐ to ☐☐☐☐

   (Includes the names and addresses of employers)
   If you check this box, tell us why you need this    Year(s) Requested: ☐☐☐☐ to ☐☐☐☐
   information below.

                                                          ☐ Check this box if you want the earnings
                                                          information **CERTIFIED** for an additional
                                                          $30.00 fee.

☐ **Certified Yearly Totals of Earnings $30.00**     Year(s) Requested: ☐☐☐☐ to ☐☐☐☐

   (Does not include the names and addresses of
   employers)Yearly earnings totals are FREE to the public if you    Year(s) Requested: ☐☐☐☐ to ☐☐☐☐
   do not require certification. To obtain FREE yearly totals of
   earnings, visit our website at www.ssa.gov/myaccount.

3. If you would like this information **sent to someone else**, please fill in the information below.

   I authorize the Social Security Administration to release the earnings information to:

| Name | |
|---|---|
| Address | State |
| City | ZIP Code |

4. I am the individual to whom the record pertains (or a person authorized to sign on behalf of that individual).
   I declare under penalty of perjury that I have examined all the information on this form, and on any accompanying statements or forms, and it is true and correct to the best of my knowledge.

| **Signature AND Printed Name of Individual or Legal Guardian** | *SSA must receive this form within 120 days from the date signed* |
|---|---|
| | Date |
| Relationship (if applicable, you must attach proof) | Daytime Phone: |
| Address | State |
| City | ZIP Code |

Witnesses must sign this form ONLY if the above signature is by marked (X). If signed by mark (X), two witnesses to the signing who know the signee must sign below and provide their full addresses. Please print the signee's name next to the mark (X) on the signature line above.

| 1. Signature of Witness | 2. Signature of Witness |
|---|---|
| Address *(Number and Street, City, State and ZIP Code)* | Address *(Number and Street, City, State and ZIP Code)* |

Case 1:22-cv-22927-KMW Document 1-2 Entered on FLSD Docket 09/14/2022 Page 34 of 84

104576-12

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

ARLETTE TEBELE,                                  CIRCUIT CIVIL DIVISION

      Plaintiff,                                 CASE NO. 2022-002291-CA-01

v.

COSTCO WHOLESALE
CORPORATION and JOHN DOE as
manager,

      Defendants.

_____/

**DEFENDANT, COSTCO WHOLESALE CORPORATION'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**
**WITH INCORPORATED MOTION TO STRIKE AS TO COUNT I PARAGRAPH 8(A)**
**AND DEMAND FOR JURY TRIAL**

      Defendant, COSTCO WHOLESALE CORPORATION ("Costco"), by and through the

undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint,

and states as follows:

**ANSWER**

      1.     COSTCO denies the allegations in paragraphs 1, 3, 8, (B) – (E), and 9 of Plaintiff's

Complaint and demands strict proof thereof.

      2.     COSTCO denies the allegations as phrased in paragraph 6 of Plaintiff's Complaint

and demands strict proof thereof.

      3.     COSTCO is without knowledge as to paragraphs 2, 4, and 7 of Plaintiff's Complaint

and therefore, denies same and demands strict proof thereof.

      4.     COSTCO denies each and every allegation of Plaintiff's Complaint not specifically

and expressly admitted herein.

CASE NO. 2022-002291-CA-01

5.      As to Count II of Plaintiff's Complaint, a response is not required from COSTCO as the Count is directed to Defendant, John Doe.

## AFFIRMATIVE DEFENSES

1.      Costco affirmatively alleges Plaintiff was negligent, which was a legal cause of Plaintiff's own losses, injuries, or damages, and Plaintiff's negligence bars recovery or, in the alternative, reduces any recovery in accordance with the principles of comparative negligence.

2.      Costco affirmatively alleges this action is controlled by Florida Statutes section 768.0755 and Costco is entitled to all rights, remedies, and prescriptions set forth therein.

3.      Costco affirmative alleges Costco did not have actual or constructive knowledge of the alleged dangerous condition or defect and, therefore, Costco is not liable for Plaintiff's losses, injuries, or damages.

4.      Costco affirmatively alleges the alleged dangerous condition or defect was known or open and obvious to Plaintiff and, therefore, Costco is not liable for Plaintiff's losses, injuries, or damages.

5.      Costco affirmatively alleges Plaintiff knew, or in the exercise of reasonable care should have known, of the alleged dangerous condition and voluntarily chose to remain exposed to, or assumed the risk associated with, the alleged dangerous condition and, therefore, Costco is not liable for Plaintiff's losses, injuries, or damages.

6.      Costco affirmatively alleges Plaintiff failed to observe and follow warnings or instructions regarding the alleged dangerous condition and, therefore, Costco is not liable for Plaintiff's losses, injuries, or damages.

CASE NO. 2022-002291-CA-01

7.      Costco affirmatively alleges, pursuant to *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993) and *Nash v. Wells Fargo Guard Services, Inc*., 678 So. 2d 1262 (Fla. 1996), Plaintiff's losses, injuries, or damages were caused by a third party that was not within Costco's care, custody, or control and, therefore, Costco is not liable for the third party's negligence.

8.      Costco affirmatively alleges Costco's negligence, if any, was not the legal cause of Plaintiffs' losses, injuries, or damages.

9.      Costco affirmatively alleges Plaintiff's losses, injuries, or damages were caused by an intervening and superseding cause.

10.      Costco affirmatively alleges Plaintiff failed to mitigate damages and, therefore, Plaintiff is not entitled to recover damages that could have been mitigated.

11.      Costco affirmatively alleges Plaintiff's medical expenses incurred are unrelated, exaggerated, and unreasonable.

12.      Costco affirmatively alleges Plaintiff's claims for loss of wages or earning capacity are unrelated, exaggerated, and unreasonable.

13.      Costco affirmatively alleges Plaintiff received, or was entitled to, collateral source benefits and, pursuant to Florida Statutes § 768.76, Costco is entitled to a setoff to the extent of the value of all collateral source benefits paid, or payable, to or on behalf of Plaintiff.

14.      Costco affirmatively alleges Plaintiff's medical expenses incurred are limited to the amount paid or owed to Plaintiff's health care provider and not the amount charged by the health care provider.

## **DEMAND FOR JURY TRIAL**

Costco hereby demands a trial by jury of all issues so triable as of right by a jury.

CASE NO. 2022-002291-CA-01

### DEFENDANT, COSTCO WHOLESALE CORPORATION'S, MOTION TO STRIKE PLAINTIFF'S MODE OF OPERATION ALLEGATION IN PARAGRAPH 8 OF PLAINTIFF'S COMPLAINT

Defendant, COSTCO WHOLESALE CORPORATION ("Costco"), by and through its undersigned attorney, moves this Honorable Court for an entry of an Order striking Plaintiff's Mode of Operation allegation listed in Paragraph 8 (A) of the Plaintiff's Complaint and as grounds therefore states as follows:

### PROCEDURAL BACKGROUND

1.      This is a negligence action wherein Plaintiff alleges that she slipped and fell on blueberries on Costco's premises on January 26, 2021. As such, Plaintiff's negligence claim is governed by section 768.0755, Florida Statutes (2010).[1]

2.      Paragraph 8 of Plaintiff's Complaint alleges, among other things, that Costco carelessly and negligently failed to maintain the grounds on its premises in a reasonably safe condition and Defendant created the dangerous condition. *See Plaintiff's Complaint* ¶8 (A).

3.      Costco moves to strike Plaintiff's Mode of Operation allegation listed in Paragraph 8, as the particular allegations are immaterial and impertinent as set forth in Rule 1.140, Florida Rules of Civil Procedure and related authority.

4.      Plaintiff's Mode of Operation allegation should be stricken as the negligent mode of operation theory has been abrogated by the enactment of section 768.0755, Florida Statutes.

### I.      Section 768.0755, Florida Statutes, Abolishes the Cause of Action for Negligent Mode of Operation

---

[1] The law therefore requires the Plaintiff to prove, as part of her *prima facie* case, that the defendant had actual or constructive knowledge of the dangerous condition and that the defendant had the opportunity to take action to remedy the dangerous condition. *See* Fla. Stat. §768.0755 (emphasis added).

CASE NO. 2022-002291-CA-01

Plaintiff has improperly alleged a "mode of operation" argument which was abrogated by the enactment of section 768.0755, Florida Statutes. In Florida, the "negligent mode of operation" rule was first developed through common law and later codified by the Legislature in 2002 with the enactment of Section 768.0710(2), which utilized the phrase "reasonable care in the maintenance, inspection, repair, warning, or mode of operation of the business premise" when describing possible ways that a premise owner could potentially face in negligence actions involving transitory foreign substances.[2] However, on July 1, 2010, Section 768.0755 was enacted and became the new standard in Florida regarding a plaintiff's burden of proof in slip and fall cases involving foreign transitory substances. In enacting Section 768.0755, the Legislature did two things: (1) it repealed Section 768.0710 and (2) it established a new burden of proof in slip and fall cases. Relevant portion of Section 768.0755 reads:

> (1)   If a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had *actual or constructive* knowledge of the dangerous condition and should have taken action to remedy it. Constructive knowledge may be proven by circumstantial evidence showing that:
> (a)   The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or
> (b)   The condition occurred with regularity and was therefore foreseeable.

Under this current statutory scheme, a person who slips and falls on a foreign transitory substance in a business establishment "must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it." Moreover, under the current statutory scheme, the Legislature omitted the phrase "reasonable care

---

[2] A "transitory foreign substance" has been defined by the Florida Supreme Court as "any liquid or solid substance, item, or object located where it does not belong."  *Owens v. Publix Supermarkets, Inc.,* 802 So.2d 315, 317 (Fla. 2011).

in the maintenance, inspection, repair, warning, or mode of operation of the business premise" from the statute entirely. *Pembroke Lakes Mall Ltd. v. McGruder*, 137 So. 3d 418 (Fla. 4th DCA 2014). The Florida's Fourth District Court of Appeal directly confronted the issue and provided some insightful precedent in *Pembroke Lakes Mall, Ltd. v. McGruder*, 137 So. 3d 418 (Fla. 4th DCA 2014). Comparing the language of Florida's 2002 and 2010 premises liability statutes, the Fourth District noted that the 2002 version allowed a plaintiff to succeed in a slip-and-fall case by showing the business acted negligently in its mode of operation. Proof of actual or constructive notice of a specific condition was not required. The 2010 statute, on the other hand, "does not contain any language regarding the owner's negligent maintenance, inspection, repair, warning, or mode of operation." Because the 2010 statute explicitly requires proof of actual or constructive notice and the language regarding mode of operation has been removed, the Fourth District concluded that the same prevailing plaintiff under the 2002 statute would be unable to assert a cause of action based on negligent mode of operation under the 2010 statute.

Under the old statute, a plaintiff could succeed in a slip and fall case by showing "the business premises acted negligently by failing to exercise reasonable care in the maintenance, inspection, repair, warning, or mode of operation of the business premises," without showing the business had actual or constructive knowledge of the transitory foreign substance. Under the new statute, however, the same plaintiff would be unable to successfully assert such a cause of action, no matter how persuasive or compelling the evidence the plaintiff had in support of the claim.

In April 2015, the United States District Court for the Middle District of Florida evaluated the continued viability of the negligent mode of operation rule following the Legislature's enactment of Section 768.0755. *See Woodman v. Bravo Brio Restaurant Group*, Inc., 6:14-cv-

CASE NO. 2022-002291-CA-01

2025-Orl-40TBS; 2015 WL 1836941 (M.D. Fla. Apr. 21, 2015) (applying Florida substantive law). Specifically, in *Woodman*, the Defendant filed a Motion to Strike a count in Plaintiff's Complaint for negligent mode of operation on the grounds that the theory no longer served as a basis for liability in slip and fall cases given the requirement in Section 768.0755 that Plaintiffs prove actual or constructive knowledge. After conducting a detailed analysis of the statute, as compared with its repealed counterpart, and implementing various canons of statutory construction, the *Woodman* Court concluded that "[s]ection 768.0755 has clearly eliminated the mode of operation theory as a basis for recovery in slip-and-fall cases and Plaintiff may not pursue her claim on this basis." *Woodman*, 2015 WL 1836941 at *3. The *Woodman* Court recognized that the plain language of subsection (1) requires, without exception, proof of actual or constructive knowledge as a necessary element of a slip and fall claim. *Id.* at *2 (citing *Pembroke Lakes Mall Ltd. v. McGruder*, 137 So.3d 418 (Fla. 4th DCA 2014) (explaining how this section reinserts the knowledge element into slip and fall claims)). This, coupled with the fact that the term "mode of operation" has now been excluded from Section 768.0755, makes it apparent that the Legislature must have intended to preclude Plaintiffs from invoking the mode of operation theory in slip and fall cases. *Id.* at *2-3.

In *Sanchez v, ERMC v. America, LLC*, the United States District Court for the Middle District of Florida once again reached the identical conclusion reached in *Woodman* when asked to consider whether a plaintiff's negligent mode of operation claim could survive a motion to dismiss. *Sanchez v. ERMC v. America, LLC*, 2:16-cv-851-FtM-99CM, 2017 WL 417129 (M.D. Fla. Jan. 31, 2017) (applying Florida substantive law). In *Sanchez*, the plaintiff brought a premises liability action against the owner and operator of a mall for negligence arising out of a slip and fall

- 7 -

incident that occurred near the entrance to one of the mall's stores. The plaintiff alleged that she slipped and fell on a "slippery substance," sustaining serious injury. *Id.* at *1.  The defendant moved to dismiss Counts II and IV of the Amended Complaint. *Id.*  The defendants argued that section 768.0755 eliminates the mode of operation theory, the plaintiff argued that the statute preserved the cause of action. *Id.* at *4.  In rejecting the plaintiff's position, and granting the defendant's motion to dismiss Counts II and IV of the Amended Complaint, the *Sanchez* Court concluded that the negligent mode of operation theory has been abrogated:

> The Court agrees that the plain language of subsection (1) requires proof of actual or constructive knowledge of the transitory foreign substance. In enacting Fla. Stat. §768.0755, the Florida legislature specifically repealed the language of Fla. Stat. 768.0710, which had allowed a plaintiff to establish a claim for relief by showing a negligent mode of operation without the showing of actual or constructive knowledge. In interpreting §768.0755, this Court must "strive to effectuate the legislature's intent" beginning with the plain language of the statute. Plaintiff's argument that her negligent mode of operation claim survives under subsection (2) of the statute is not supported. The statute eliminated a statutory cause of action, but preserved only common law claims.

*Id.*

The legislature's decision to omit the "mode of operation language" is indicative that the legislature intent was to preclude plaintiffs from invoking the mode of operation theory in slip-and-fall cases arising in business premises. The basic canons of statutory construction lend further support to this line of reasoning. *See Capella v. City of Gainesville*, 377 So. 2d 658, 660 (Fla. 1979).  In *Capella*, the Florida Supreme Court considered the effect of the Legislature's decision to omit certain language from revised legislation, and relied on the canon that, "[w]hen the legislature amends a statute by omitting words, we presume it intends the statute to have a different meaning than that accorded it before the amendment." *Id.* (internal citations omitted).

CASE NO. 2022-002291-CA-01

Similarly, in *McGruder*, *supra*, the Florida Fourth District Court of Appeal, after directly comparing the language of both the 2002 and 2010 premises liability statutes, pointed out how, unlike its predecessor, the current statute "does not contain any language regarding the owner's negligent maintenance, inspection, repair, warning, or mode of operation." *McGruder*, 137 So.2d at 424.  Because the current statute explicitly requires proof of actual or constructive notice, and the language regarding mode of operation has been removed, the *McGruder* Court noted that the same plaintiff would not be able to assert a cause of action based on negligent mode of operation under section 768.0755. *Id*. at 426.

Consequently, section, 768.0755, Florida Statutes, requires the Plaintiff to prove that Costco had actual or constructive notice of the transitory foreign substance and should have taken action to correct it. Moreover, section 768.0755, Florida Statutes, precludes Plaintiff from attempting to establish liability by demonstrating that Costco's mode of operation of the premises was negligent. Plaintiff is attempting to revert back to the previous standard in section 768.0710(2)(2002), which the Fourth District Court of Appeals as well as a federal court applying Florida substantive law have rejected time and time again. Thus, Plaintiff's allegation related to Costco's mode of operation must be stricken.

**WHEREFORE,** Defendant, COSTCO WHOLESALE CORPORATION, respectfully request that this Honorable Court strike any and all mode of operation allegations from the Plaintiff's Complaint and for all other relief this court deems just and proper.

*(Certificate of Service to Follow)*

- 9 -

CASE NO. 2022-002291-CA-01

## <u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY that a copy hereof has been electronically served via Florida ePortal to: Jay Dermer, Esquire, (eservice3@wolfsonlawfirm.com; jay@wolfsonlawfirm.com) on **<u>March 7, 2022</u>**.

*/s/ Jaime J. Baca*
Jaime J. Baca, Esquire
Florida Bar No. 113859
WICKER SMITH O'HARA MCCOY & FORD, P.A.
Attorneys for COSTCO WHOLESALE
CORPORATION
2800 Ponce de Leon Boulevard, Suite 800
Coral Gables, FL  33134
Phone: (305) 448-3939
Fax: (305) 441-1745
miacrtpleadings@wickersmith.com

104576-12

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

ARLETTE TEBELE,                                    CIRCUIT CIVIL DIVISION

     Plaintiff,                                  CASE NO. 2022-002291-CA-01

v.

COSTCO WHOLESALE
CORPORATION and JOHN DOE as
manager,

     Defendants.
_____/

## DEFENDANT'S MOTION FOR EXTENSION OF TIME

COMES NOW the Defendant, COSTCO WHOLESALE CORPORATION, by and through the undersigned attorneys, and files this Motion for Extension of Time to respond to Plaintiff, ARLETTE TEBELE's First Set of Interrogatories and Request for Production served with the Complaint, and as grounds therefore states the following:

1.    Plaintiff propounded First Set of Interrogatories and Request for Production with the Complaint on February 14, 2022.

2.    Defendant is unable to respond to the above referenced discovery within the time provided in the Florida Rules of Civil Procedure.

3.    This Defendant will need additional time within which to respond to the above discovery.

4.    Rule 1.090(b) of the Florida Rules of Civil Procedure provides that the Court may allow a longer time within which to respond to the above referenced discovery.

5.    This Motion is not being made to delay discovery and upon completion of Defendant's investigation, a response will be promptly filed with the Court.

CASE NO. 2022-002291-CA-01

WHEREFORE, Defendant, COSTCO WHOLESALE CORPORATION, requests this Honorable Court to allow an additional thirty (30) days within which to respond to the above referenced discovery.

WE HEREBY CERTIFY that a copy hereof has been electronically served via Florida ePortal to: Jay Dermer, Esquire, (eservice3@wolfsonlawfirm.com; jay@wolfsonlawfirm.com) on **March 31, 2022**.

/s/ *Jaime J. Baca*
Jaime J. Baca, Esquire
Florida Bar No. 113859
WICKER SMITH O'HARA MCCOY & FORD, P.A.
Attorneys for COSTCO WHOLESALE
CORPORATION
2800 Ponce de Leon Boulevard, Suite 800
Coral Gables, FL  33134
Phone: (305) 448-3939
Fax: (305) 441-1745
miacrtpleadings@wickersmith.com

2

Filing # 147725958 E-Filed 04/14/2022 03:10:55 PM

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2022-002291-CA-01
SECTION: CA21
JUDGE: David C. Miller

**ARLETTE TEBELE**

Plaintiff(s)

vs.

**COSTCO WHOLESALE CORPORATION**

Defendant(s)

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF, ARLETTE TEBELE'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION SERVED WITH THE COMPLAINT

This case came up for review and the Court having considered Defendant's Motion for Extension of Time to respond to Plaintiff, ARLETTE TEBELE's First Set of Interrogatories and Request for Production served with the Complaint (filed 3/31/22) and being duly advised, it is;

Ordered and Adjudged that the Motion is **Granted**.

Defendant shall fully and completely respond to Plaintiff's discovery requests on or before **April 29, 2022.**

**This deadline may not be extended by agreement and the mere filing of a Motion to Extend this deadline will NOT toll the time to fully comply with this Order. The failure to timely respond/answer the subject discovery will result in the waiver of objections, the imposition of a daily monetary fine of $500.00 per day plus attorney's fees as may be appropriate. The party seeking the discovery shall bring any violation of this deadline to the Court's attention as soon as reasonably possible.**

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this <u>14th day of April, 2022</u>.

<u>2022-002291-CA-01 04-14-2022 2:56 PM</u>
Hon. David C. Miller

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**
Jaime J Baca, miacrtpleadings@wickersmith.com
Jaime J Baca, JBaca@wickersmith.com
Jaime J Baca, jperez1@wickersmith.com
Jay Dermer, Esq, jay@wolfsonlawfirm.com
Jonah M Wolfson, eservice@wolfsonlawfirm.com

**Physically Served:**

Case 1:22-cv-22927-KMW   Document 1-2   Entered on FLSD Docket 09/14/2022   Page 48 of 84

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2022-002291-CA-01
SECTION: CA21
JUDGE: David C. Miller

**ARLETTE TEBELE**

Plaintiff(s)

vs.

**COSTCO WHOLESALE CORPORATION**

Defendant(s)

_____/

### INCOMPLETE CASE SCHEDULING/MANAGEMENT ORDER

   **THIS CAUSE** came before the Court to review and do case management.  Based on the review of the file, and pursuant to Rule 2.545, Fla. R. Jud. Admin., **the Parties**, **with the Court's assistance, if necessary**, will establish a **Completed Case Scheduling/Management Order**.  Therefore, it is;

   **ORDERED and ADJUDGED** as follows:

1. The Parties shall determine and complete the CASE SCHEDULE below, to extent they can agree on one or all of the To-Dos in this matter and set the Deadlines for as many as can be agreed on.  If there is/are any Deadlines for the Parties To-Dos that cannot be agreed on, the Plaintiff's Counsel shall set a hearing if necessary for the Court to decide the Deadlines.

2. *The Plaintiff's Counsel shall file the entire completed Scheduling/Management Order as a Completed Case Scheduling/Management Order through Court Map for execution and rendering by the Court within 60 days of the entry of the Order.*  The **Plaintiff's Counsel** will bear the burden of ensuring this Order is complied with and the entire scheduling/management order with completed table of to dos and deadlines is filed, but that will not determine who may be ultimately responsible for any lack of compliance with this Order.

3. The Parties shall strictly comply with the deadlines in the Schedule (which shall supersede any contrary or different Trial Order Deadline) and should expect that the case will be tried during the anticipated trial period specified, without continuances.  The parties cannot agree to extend the deadlines and cannot agree to waive any portion of the provisions of this Order.  If your case does not go to Trial, it will most probably be sent to Non-Binding Arbitration.

4. **Procedural Requirements**:  In addition to strict adherence to the Florida Rules of Civil Procedure and the Administrative Orders of the Court, the parties will be required to strictly comply with **the Completed Case Scheduling/Management Order**.

5. The parties may not agree to extend any of the deadlines contained in the **Completed Case Scheduling/Management Order**.   Deadlines may only be altered by the Court where the interests of justice so require, upon prompt motion, notice and hearing.

6. **The following To-Dos and Deadlines are to be determined by Agreement of the Parties, filled in, and returned to the Court for execution and rendering OR the Court will determine and fill in such To-Dos and Deadlines:**

| CASE SCHEDULE | |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

CASE MANAGEMENT PROCEDURES

7. **Duty to Communicate**:  Prior to filing any Motion, counsel shall **confer** with each other directly in good faith, ***not through staff,*** to attempt to narrow or resolve issues.  "In good faith" means you are professional and temperate in your communications, you return phone calls and emails in a timely manner, and you do not set unreasonable deadlines for responses.

8. **Scheduling of Hearings**:  Motions filed (other than dispositive motions or those requiring testimony) must be noticed for hearing on the first available motion calendar.  The Court may rule upon the Motions on the papers filed for the Court's review.

9. **Compelling Discovery where there has been no response**:  The parties are to comply with Administrative Order 06-09 when moving to compel production of propounded discovery.  These Motions shall be submitted via CourtMAP with supporting documents and shall <u>not</u> be placed on Motion Calendar.

10. **Motions for Protective Order**:  Motions for Protective Order must be filed as soon as the grounds are known.  Counsel should be coordinating deposition dates for specific parties/witnesses and have a duty to **confer** regarding any issues that would be the subject of a motion for protective order prior to scheduling the deposition.  The filing of the motion must not be delayed until immediately prior to the scheduled deposition.  <u>A motion for protective order does not automatically stay the deposition and the deposition shall proceed unless an order granting the motion is entered by the Court</u>.

11. **Motions for Extension**:  All Motions for Extension of Time SHALL BE SET TO BE HEARD WITHIN 7 DAYS OF THE MOTION BEING FILED and the Motion must state **with specificity** the reason why Extension is needed, the anticipated deadline for completion, and any extraordinary or compelling reasons to grant relief. The Court may rule upon submission of the Motion without a hearing. All Motions for Extension of Time must be preceded by a **meet and confer** with opposing **counsel** and absent agreement, be set for hearing immediately upon filing. Counsel should be prepared to respond promptly if the Motion is Denied. **The failure to timely set the Motion for Extension to be heard will be deemed a waiver of any attempt to get an Extension**.

12. **Dispositive Motions**:  Motions which may dispose of specific issues, portions of the case or the entire case should be filed <u>and</u> set for hearing as soon as possible.  Parties wishing to pursue a dispositive motion should target the essential discovery promptly.  <u>Parties should **confer** to assure necessary discovery is scheduled to be completed and will be completed prior to a special set hearing date</u>.  <u>Last minute cancellations are NOT ALLOWED</u>.

13. **Amendment of Pleadings**: Motions to amend should be filed so as not to affect the date of trial.  Although the Court recognizes the rule of liberality with regard to amendment of pleadings, liberality declines with an approaching trial date unless the amendment involves newly discovered information not previously available.  Review your pleadings for necessary amendment(s) early, not as part of last-minute trial preparation.

14. **Objections**:  If objections to written discovery involve the phrasing of the request or time frame of any discovery request, these objections **may not be extended even if the parties agree** and are due at the time the initial response is due. **Failure to timely file these objections shall be deemed an express waiver of the objection**.  Parties shall comply with the "Duty to Communicate" above, prior to setting timely made objections for hearing.

15. **Documents made available for inspection and copying**:  If discovery responses provide that the documents are available for inspection and copying at a mutually convenient time and place, the responding party shall immediately

(within 48 hours) provide three alternative dates and times that the documents are available for inspection and copying.  All of the dates shall be within ten (10) days.  Failure to provide the dates and times shall constitute a failure to respond to discovery.  Review shall occur within fifteen (15) days of the response, absent extraordinary circumstances. Examples of "extraordinary circumstances" include a sole practitioner in trial on another case, a medical emergency, prepaid vacation, and a death in the family.

16. **Privilege Logs**:  Privilege logs are due at the time of the response and may not be reserved to be provided later.  Privilege logs must specifically identify the document in accordance with Rule 1.280(b)(6), Fla.R.Civ.P, AND **The item must at least be described by Author, primarily Recipient and all those copied, date, nature of document, and the same information as to all attachments printed out or opened in records for view**.

17. **The failure to timely provide the privilege log will result in the waiver of the privilege.** This procedure requires preparation of a privilege log with respect to all documents, electronically stored information, things and oral communications withheld on the basis of a claim of privilege or work product <u>except</u> the following: written and oral communications between a party and their counsel after commencement of the action and work product material created after commencement of the action and solely kept between them and staff, experts, etc.

Parties are instructed that where they believe that the divulgence of the logging information would necessarily cause disclosure of the allegedly privileged information, they must identify that the item exists and that *in camera* review by the court will be sought.  However, if the Court determines that there is nothing inherent in the divulgence of the existence of the document or the logging information required that would violate privilege, the Court will impose sanctions for any *in camera* request determined to be frivolous.  ***In camera* requests by the party claiming the privilege must be signed by both the requesting attorney and the client,** to assure that all are aware of the request and the consequences.

18. **Expert Disclosure**:  Parties should furnish opposing counsel with the names and addresses of all expert witness under Rule 1.390(a) to be called at trial and all information regarding expert testimony that is required by Rule 1.280(b)(5). Each party is limited to one expert per specialty. No other expert testimony should be permitted at trial. Information furnished pursuant to this paragraph should be timely filed.

19. **Depositions**:  The parties are ordered to block time now for necessary depositions to be set in this case Expert deposition time should be coordinated and blocked as soon as experts are known to ensure compliance with this schedule.  Depositions may commence at any time.   Refer to the above regarding motions for protective order.

20. **Witness and Exhibit Lists**:  The parties shall timely exchange their witness and exhibit lists.  The lists shall include complete proper names and addresses.  If counsel chooses to list their bar address as the witness' address, counsel is deemed to have agreed to produce the witness voluntarily as they have withheld

the information necessary for a witness subpoena, and counsel will be responsible for assuring that witness' presence at trial.

21. **Mediation**:  Parties must mediate by the Court's deadline.  The parties are responsible for assuring that they have all the necessary information to value their position prior to mediation.   If the parties fail to mediate before the mediation deadline, sanctions will be imposed by the Court.  Failure to Mediate will not constitute just cause for a Trial Continuance.

22. **"Frustrated Lawyer/Pro-Se Rule"**
**Please see the 11th Judicial Circuit in and for Miami-Dade County Division 21 website – for assistance scheduling anything the other(s) in the file are making difficult.**

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 14th day of April, 2022.

2022-002291-CA-01 04-14-2022 2:57 PM
Hon. David C. Miller

**CIRCUIT COURT JUDGE**
Electronically Signed

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

**Electronically Served:**
Jaime J Baca, miacrtpleadings@wickersmith.com
Jaime J Baca, JBaca@wickersmith.com
Jaime J Baca, jperez1@wickersmith.com
Jay Dermer, Esq, jay@wolfsonlawfirm.com
Jonah M Wolfson, eservice@wolfsonlawfirm.com

**Physically Served:**

Filing # 148111522 E-Filed 04/21/2022 10:58:13 AM

104576-12

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

ARLETTE TEBELE,                                    CIRCUIT CIVIL DIVISION

     Plaintiff,                                 CASE NO. 2022-002291-CA-01

v.

COSTCO WHOLESALE CORPORATION
and JOHN DOE as manager,

     Defendants.

_____/

**NOTICE OF TAKING DEPOSITION**

     PLEASE TAKE NOTICE that the undersigned attorneys will take the deposition of:

**NAME:**              **ARLETTE TEBELE**

**DATE AND TIME:**     **JUNE 3, 2022 AT 10:00 A.M.**

**PLACE:**             **VIA ZOOM**

upon oral examination before **VERITEXT,** Notary Public, or any other Notary Public or other officer authorized by law to take depositions in the State of Florida. The oral examination will continue from day to day until completed. The deposition is being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the Florida Rules of Civil Procedure in such cases.

**CERTIFICATE OF SERVICE**

     WE HEREBY CERTIFY that a copy hereof has been electronically served via Florida ePortal to: Jay Dermer, Esquire, (eservice3@wolfsonlawfirm.com; jay@wolfsonlawfirm.com); on this 21st day of April, 2022.

*/s/ Jaime J. Baca*
Jaime J. Baca, Esquire
Florida Bar No. 113859
WICKER SMITH O'HARA MCCOY & FORD, P.A.
Attorneys for COSTCO WHOLESALE CORPORATION
2800 Ponce de Leon Boulevard
Suite 800
Coral Gables, FL  33134
Phone: (305) 448-3939
Fax: (305) 441-1745
miacrtpleadings@wickersmith.com

**In accordance with the Americans With Disabilities Act, persons with disabilities needing a special accommodation to participate in this proceeding should contact the undersigned attorney's secretary at the address and phone number given above not later than seven (7) days prior to the proceeding. If hearing impaired, (TDD) 1-800-955-8770 via Florida Relay Service.**

104576-12

## IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

ARLETTE TEBELE,

      Plaintiff,

v.

COSTCO WHOLESALE
CORPORATION and JOHN DOE as
manager,

      Defendants.

_____/

CIRCUIT CIVIL DIVISION

CASE NO. 2022-002291-CA-01

## **NOTICE OF UNAVAILABILITY**

NOTICE IS HEREBY GIVEN that the undersigned will be absent from the jurisdiction and unavailable during these dates:

**APRIL 18- APRIL 25, 2022**

**MAY 2- MAY 6, 2022**

**MAY 16- MAY 20, 2022**

**JULY 4- JULY 8, 2022**

**AUGUST 22- AUGUST 26, 2022**

**NOVEMBER 21- NOVEMBER 25, 2022**

The undersigned respectfully requests that no Motions, hearings, mediations, depositions, or trials be scheduled and/or set during these time periods.

The filing and service of this Notice shall constitute a notice to all parties that the undersigned will move forward for appropriate relief, including a motion to be excused or continue, as appropriate.

CASE NO. 2022-002291-CA-01

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a copy hereof has been electronically served via Florida ePortal to: Jay Dermer, Esquire, (eservice3@wolfsonlawfirm.com; jay@wolfsonlawfirm.com); on this 22nd day of April, 2022.

*/s/ Jaime J. Baca*
Jaime J. Baca, Esquire
Florida Bar No. 113859
WICKER SMITH O'HARA MCCOY & FORD, P.A.
Attorneys for COSTCO WHOLESALE
CORPORATION
2800 Ponce de Leon Boulevard
Suite 800
Coral Gables, FL  33134
Phone: (305) 448-3939
Fax: (305) 441-1745
miacrtpleadings@wickersmith.com

2

104576-12

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

ARLETTE TEBELE,                               CIRCUIT CIVIL DIVISION

     Plaintiff,                                CASE NO. 2022-002291-CA-01

v.

COSTCO WHOLESALE
CORPORATION and JOHN DOE as
manager,

     Defendants.

_____/

## DEFENDANT, COSTCO WHOLESALE CORPORATION'S
## NOTICE OF SERVING ANSWERS TO INTERROGATORIES

NOTICE IS HEREBY GIVEN that Verified Answers to the Interrogatories propounded to,

Defendant, COSTCO WHOLESALE CORPORATION, by Plaintiff, ARLETTE TEBELE with

the Complaint, have been furnished via e-mail to: all counsel of record on date shown below.

WE HEREBY CERTIFY that a copy hereof has been electronically served via Florida
ePortal to: Jay Dermer, Esquire, (eservice3@wolfsonlawfirm.com; jay@wolfsonlawfirm.com) on
**April 27, 2022**.

                          */s/ Jaime J. Baca*
                          Jaime J. Baca, Esquire
                          Florida Bar No. 113859
                          WICKER SMITH O'HARA MCCOY & FORD, P.A.
                          Attorneys for COSTCO WHOLESALE
                          CORPORATION
                          2800 Ponce de Leon Boulevard, Suite 800
                          Coral Gables, FL  33134
                          Phone: (305) 448-3939
                          Fax: (305) 441-1745
                          miacrtpleadings@wickersmith.com

Filing # 148462812 E-Filed 04/27/2022 09:41:01 AM

104576-12

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

ARLETTE TEBELE,                                    CIRCUIT CIVIL DIVISION

      Plaintiff,                              CASE NO. 2022-002291-CA-01

v.

COSTCO WHOLESALE
CORPORATION and JOHN DOE as
manager,

      Defendants.

_____/

## DEFENDANT'S RESPONSE TO
## PLAINTIFF'S REQUEST FOR PRODUCTION

Defendant, COSTCO WHOLESALE CORPORATION, by and through the undersigned

attorneys, and pursuant to the applicable Fla. R. Civ. P., responds to Plaintiff's Request for

Production served with Plaintiff's Complaint as follows:

1.     Any indemnity agreements between the Defendant and any non-party which is
relevant to the accident and injuries which form the basis of this action.

     **Response**: **None.**

2.     Any and all photographs in possession or control of the Defendant or their agents
of the scene of the accident.

     **Response**: **In accordance with the Federal Rules of Civil Procedure, Costco
Wholesale Corporation provides the following privilege log:**

| Date | Description | Privilege |
|------|-------------|-----------|
| 01/26/21 | One (1) photograph taken after incident by Costco employee. | work product; prepared in anticipation of litigation |

**Defense counsel is in possession of the listed item. No other photographs are
known to exist. Discovery is ongoing.**

CASE NO. 2022-002291-CA-01

3. Any and all expert reports which have been obtained from any expert. If a report has not been prepared, the prepared of a report is hereby requested.

    **Response**: **None.**

4. Any and all insurance agreements or policies under which any person or entity providing insurance to the Defendant may be liable for part or all of a judgment which may be rendered in this action.

    **Response**: **None.**

5. Copies of any and all statements previously made by the Plaintiff or Defendant concerning the subject matter of this action, including any written statements, signed or otherwise adopted or approved by the Plaintiff, and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by the Plaintiff hereto and contemporaneously recorded.

    **Response**: **See attached Member First Report of Incident signed by Plaintiff. No other statements.**

6. Any and all photographs relevant to the issues herein.

    **Response**: **In accordance with the Federal Rules of Civil Procedure, Costco Wholesale Corporation provides the following privilege log:**

    | Date | Description | Privilege |
    |------|-------------|-----------|
    | 01/26/21 | One (1) photograph taken after incident by Costco employee. | work product; prepared in anticipation of litigation |

    **Defense counsel is in possession of the listed item. No other photographs are known to exist. Discovery is ongoing.**

7. Any and all sweep and/or inspection reports of any kind concerning the floors of the entire store where the alleged incident occurred, from the date of the incident described in the complaint.

    **Response**: **Daily Floor-Walk/ Safety Inspection for January 26, 2021, will be produced pursuant to a signed confidentiality agreement.**

CASE NO. 2022-002291-CA-01

8.      Any and all video and/or photographic evidence, whether in digital, film, computer or any other format of any kind that depicts any part of the incident described in the complaint.

**Response**: **Defense counsel is in possession of the store camera video preserved for the subject incident and requests the Court exercise its discretion to control the time of discovery and require the production of the store camera video after Plaintiff's deposition and pursuant to a signed confidentiality agreement.** *See Judith McClure vs. Publix Super Markets***, Inc., 124 So. 3d 998 (Fla. 4th DCA 2013). In accordance with the Federal Rules of Civil Procedure, Costco Wholesale Corporation provides the following privilege log:**

| Date | Description | Privilege |
|------|-------------|-----------|
| 01/26/21 | One (1) photograph taken after incident by Costco employee. | work product; prepared in anticipation of litigation |

**Defense counsel is in possession of the listed item. No other photographs are known to exist. Discovery is ongoing.**

9.      Any and all video and/or photographic evidence, whether in digital, film, computer or any other format of any kind that depicts the Plaintiff in any way on the date of the incident described in the complaint.

**Response**: **See response to #8.**

10.     Any and all video and/or photographic evidence, whether in digital, film, computer or any other format of any kind that depicts any part of the subject store, on the date of the incident described in the complaint.

**Response**: **See response to #8.**

11.     Any and all incident reports with everything redacted except for the names and addresses of any person who filled out said report or who was at or near the incident described in the complaint at or near the time of the incident described in the complaint.

**Response**: **On January 26, 2021, Plaintiff completed a Member First Report of Incident Form, which is attached hereto. In accordance with the Federal Rules of Civil Procedure, Costco Wholesale Corporation provides the following privilege log:**

CASE NO. 2022-002291-CA-01

| Date | Description | Privilege |
|------|-------------|-----------|
| 1/26/21 | **Privileged & Confidential Warehouse Incident Report completed by Larry Roberts** | **work product; prepared in anticipation of litigation** |

**Defense counsel is in possession of the listed items.**

12.  Any and all rosters and/or schedules showing the employees who were working on the day of the incident described in the complaint.

**Response**: **Objection. Irrelevant, vague, overbroad, not limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.**

13.  Any and all written or otherwise recorded materials provided to any employee that was working for Defendant on the day of the incident that were given to that employee during any training he or she received during his or her entire tenure at employed by the Defendant.

**Response**: **Objection. Irrelevant, vague, overbroad, not limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.**

14.  Any and all written or otherwise recorded materials provided to any employee that was employed with Defendant on the day of the incident.

**Response**: **Objection. Irrelevant, vague, overbroad, not limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.**

15.  Any and all written or otherwise recorded rules, policies and procedures provided to any employee of Defendant within the last 10 years.

**Response**: **Objection. Irrelevant, vague, overbroad, not limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.**

CASE NO. 2022-002291-CA-01

16.     Any and all written or otherwise recorded rules, policies and procedures provided to any employee at the subject store within the past 5 years.

**Response**: **Objection. Irrelevant, vague, overbroad, not limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.**

17.     Any and all written or otherwise recorded information provided to any employee at the subject store within the past 5 years.

**Response**: **Objection. Irrelevant, vague, overbroad, not limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.**

18.     Any and all licenses held by any employee of Defendant.

**Response**: **Objection. Irrelevant, vague, overbroad, not limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.**

19.     Any and all rules that any employees of Defendant had to follow on the date of the incident.

**Response**: **Objection. Irrelevant, vague, overbroad, not limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.**

20.     Any and all rules that any employees of Defendant were given in the past 10 years.

**Response**: **Objection. Irrelevant, vague, overbroad, not limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.**

21.     Any and all policies that any employees of Defendant were given in the past 10 years.

**Response**: **Objection. Irrelevant, vague, overbroad, not limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.**

CASE NO. 2022-002291-CA-01

22.     Any and all procedures that any employees of Defendant were given in the past 10 years.

        **Response**: **Objection. Irrelevant, vague, overbroad, not limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.**

23.     Any and all agreements with any companies that may be responsible for the maintenance of the subject property.

        **Response**: **Objection. Irrelevant, vague, overbroad, not limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.**

24.     Any and all management agreements.

        **Response**: **None.**

25.     Any and all code violations received by the Defendant in the last 5 years.

        **Response**: **Objection. Irrelevant, vague, overbroad, not limited in time and scope and not reasonably calculated to lead to the discovery of admissible evidence.**


## <u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY that a copy hereof has been electronically served via Florida ePortal to: Jay Dermer, Esquire, (eservice3@wolfsonlawfirm.com; jay@wolfsonlawfirm.com) on **April 27, 2022**.

                        */s/ Jaime J. Baca*
                        Jaime J. Baca, Esquire
                        Florida Bar No. 113859
                        WICKER SMITH O'HARA MCCOY & FORD, P.A.
                        Attorneys for COSTCO WHOLESALE
                        CORPORATION
                        2800 Ponce de Leon Boulevard, Suite 800
                        Coral Gables, FL  33134
                        Phone: (305) 448-3939
                        Fax: (305) 441-1745
                        miacrtpleadings@wickersmith.com

104576-12

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

ARLETTE TEBELE,                                    CIRCUIT CIVIL DIVISION

      Plaintiff,                                   CASE NO. 2022-002291-CA-01

v.

COSTCO WHOLESALE CORPORATION
and JOHN DOE as manager,

      Defendants.

_____/

### NOTICE OF CANCELLATION OF DEPOSITION OF PLAINTIFF

PLEASE TAKE NOTICE that the undersigned attorneys have cancelled the deposition of Plaintiff,

Arlette Tebele, which was scheduled to take place on Friday, June 3, 2022 at 10:00 a.m., via zoom.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a copy hereof has been electronically served via Florida ePortal to: Jay
Dermer, Esquire, (eservice3@wolfsonlawfirm.com; jay@wolfsonlawfirm.com); on this 2nd day of June, 2022.

        */s/ Jaime J. Baca*
        Jaime J. Baca, Esquire
        Florida Bar No. 113859
        WICKER SMITH O'HARA MCCOY & FORD, P.A.
        Attorneys for COSTCO WHOLESALE CORPORATION
        2800 Ponce de Leon Boulevard
        Suite 800
        Coral Gables, FL  33134
        Phone: (305) 448-3939
        Fax: (305) 441-1745
        miacrtpleadings@wickersmith.com

Filing # 150727319 E-Filed 06/02/2022 11:55:04 AM

IN THE CIRCUIT COURT OF 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 2022-002291-CA-01

ARLETTE TEBELE,

    Plaintiffs,

     vs.

COSTCO WHOLESALE
CORPORATION and JOHN
DOE as manager.

    Defendant.

_____/

## **NOTICE OF FILING PLAINTIFF'S ANSWERS TO DEFENDANT'S INTERROGATORIES**

Plaintiff gives Notice of Filing her Answers to Defendant's Interrogatories.

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing was served this 2nd day of June, 2022 to: Jaime J. Baca, Esq Attorney for Defendant, COSTCO WHOLESALE CORPORATION located at WICKER SMITH O'HARA MCCOY & FORD P.A. 2800 Ponce de Leon Boulevard, Suite 800, Coral Gables, FL 33134 Telephone: (305)-448-3939 at jbaca@wickersmith.com and jperez1@wickersmith.com

WOLFSON LAW FIRM, LLP
***ATTORNEYS FOR PLAINTIFF***
3399 Southwest 3rd Avenue
Miami, Florida 33145
(305) 285-1115 - Telephone
(305) 285-1608 – Facsimile
Eservice3@wolfsonlawfirm.com
jay@wolfsonlawfirm.com

        /s/ Jay Dermer
By: _____
      JAY J. DERMER
      FL BAR NO. 0115443

Filing # 150762212 E-Filed 06/02/2022 03:59:40 PM

IN THE CIRCUIT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 2022-002291-CA-01

ARLETTE TEBELE,

     Plaintiff,

v.

COSTCO WHOLESALE
CORPORATION, and JOHN
DOE as manager.

     Defendant

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION

1. Objection as to relevance as Plaintiff is not making a claim for lost wages, nor loss of earning capacity.
2. Objection as to relevance as Plaintiff is not making a claim for lost wages, nor loss of earning capacity.
3. Attached.
4. Attached.
5. Attached.
6. Attached if in Plaintiff's possession.
7. Attached.
8. None.
9. Attached if in Plaintiff's possession.
10. Attached if in Plaintiff's possession.
11. None.
12. Attached.
13. Attached if in Plaintiff's possession.
14. Attached.
15. Attached.
16. Will provide any and all liens upon receipt.
17. None. Discovery is ongoing.
18. None. Discovery is ongoing.

19. Attached as to hybrid experts. Discovery is ongoing.
20. Attached as to hybrid experts, undetermined as to others. Discovery is ongoing.
21. Attached.
22. Attached.
23. Attached.
24. None.
25. See signed authorization form.
26. None.
27. Attached.
28. Attached.
29. None in Plaintiff's possession.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was emailed on this 2nd day of June 2022 to: Jaime J. Baca, Esq, *Attorney for Defendant*, COSTCO WHOLESALE CORPORATION located at WICKER SMITH O'HARA MCCOY AND FORD, P.A. 2800 Ponce de Leon Boulevard Suite 800 Coral Gables, FL 33134 Telephone: (305)-448-3939 at jbaca@wickersmith.com and jperez1@wickersmith.com

WOLFSON LAW FIRM, LLP
*ATTORNEYS FOR PLAINTIFF*
3399 SW 3rd Avenue
Miami, Florida 33145
(305)-285-1115 – Telephone
(305)-285-1608 – Facsimile
Eservice3@wolfsonlawfirm.com

       /s/ Jay Dermer
By:_____
       JAY J. DERMER
       FLA BAR NO. 0115443

IN THE CIRCUIT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 2022-002291-CA-01

ARLETTE TEBELE,

      Plaintiff,

v.

COSTCO WHOLESALE
CORPORATION, and JOHN
DOE as manager.

      Defendant

_____/

## **PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSION**

1. Admit.
2. Deny.
3. Admit.
4. Deny.
5. Deny.
6. Admit.
7. Deny.
8. Deny.
9. Deny.
10. Deny.
11. Deny
12. Deny.
13. Deny.
14. Deny.
15. Deny.
16. Deny.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was emailed on this 2nd day of June 2022 to: Jaime J. Baca, Esq, *Attorney for Defendant* COSTCO WHOLESALE CORPORATON located at WICKER SMITH O'HARA MCCOY & FORD, P.A. 2800 Ponce de Leon Boulevard Suite 800 Coral Gables, FL 33134 Telephone: (305)-448-3939 at jbaca@wickersmith.com and jperez1@wickersmith.com

WOLFSON LAW FIRM, LLP
*ATTORNEYS FOR PLAINTIFF*
3399 SW 3rd Avenue
Miami, Florida 33145
(305)-285-1115 – Telephone
(305)-285-1608 – Facsimile
Eservice3@wolfsonlawfirm.com

/s/ Jay Dermer
By:_____
JAY J. DERMER
FLA BAR NO. 0115443

Filing # 151356593 E-Filed 06/13/2022 11:41:55 AM

104576-12

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

ARLETTE TEBELE,                                    CIRCUIT CIVIL DIVISION

     Plaintiff,                                   CASE NO. 2022-002291-CA-01

v.

COSTCO WHOLESALE
CORPORATION and JOHN DOE as
manager,

     Defendants.

_____/

## RE-NOTICE OF TAKING DEPOSITION

    PLEASE TAKE NOTICE that the undersigned attorneys will take the deposition of:

**NAME:**                           **ARLETTE TEBELE**

**DATE AND TIME:**                  **JULY 22, 2022 AT 10:00 A.M.**

**PLACE:**                          **VIA ZOOM**

upon oral examination before **VERITEXT,** Notary Public, or any other Notary Public or other officer authorized by law to take depositions in the State of Florida. The oral examination will continue from day to day until completed. The deposition is being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the Florida Rules of Civil Procedure in such cases.

## CERTIFICATE OF SERVICE

    WE HEREBY CERTIFY that a copy hereof has been electronically served via Florida ePortal to: Jay Dermer, Esquire, (eservice3@wolfsonlawfirm.com; jay@wolfsonlawfirm.com; mtforrester@wolfsonlawfirm.com; Raisa@wolfsonlawfirm.com); on this 13th day of June, 2022.

                          */s/ Jaime J. Baca*
                          Jaime J. Baca, Esquire
                          Florida Bar No. 113859
                          WICKER SMITH O'HARA MCCOY & FORD, P.A.
                          Attorneys for COSTCO WHOLESALE
                          CORPORATION
                          2800 Ponce de Leon Boulevard
                          Suite 800

CASE NO. 2022-002291-CA-01

Coral Gables, FL  33134
Phone: (305) 448-3939
Fax: (305) 441-1745
miacrtpleadings@wickersmith.com

**In accordance with the Americans With Disabilities Act, persons with disabilities needing a special accommodation to participate in this proceeding should contact the undersigned attorney's secretary at the address and phone number given above not later than seven (7) days prior to the proceeding. If hearing impaired, (TDD) 1-800-955-8770 via Florida Relay Service.**

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.  2022-002291-CA-01

ARLETTE TEBELE,

       Plaintiff,

  v.

COSTCO WHOLESALE CORPORATION, and JOHN DOE as manager.

       Defendant.

_____/

## MOTION TO COMPEL PRODUCTION OF VIDEO

Plaintiff, by and through his undersigned counsel, files Motion to Compel Production of Video and states that, in response to discovery requests and interrogatories, the Defendant has admitted to possessing video that may be relevant to this matter. The Defendant has not produced the video and requested this Court to exercise its discretion to control discovery and to require production of the video only after the Plaintiff's deposition is taken.  The Plaintiff respectfully requests this Court to compel the Defendant to produce prior to Plaintiff's deposition and states as follows in support of said motion:

1.     Plaintiff filed a Request to Produce with his Complaint.

2.     Defendant filed a Response to Plaintiff's Request to Produce with Objections.

3.     In response to Plaintiff's Request to Produce Number 8, the Defendant objected to producing the video depicting the incident prior to Plaintiff's deposition.

4.      At the present time there are several leading cases on the issue of the timing of production of videos from both the 3rd DCA and the 4th DCA.

5.      In *Target v. Vogel*, 41 So3d 962 (4DCA 2010), the lower court granted the plaintiff's Motion to Compel Production of the videos and photographs. The Fourth DCA distinguished the videos of the actual incident from surveillance videos taken during the pendency of a claim. It stated:

> The video in this case was not protected work product, prepared "to aid counsel in trying the case." Id. Rather, it was a video of the accident itself, discoverable evidence under the Rules of Civil Procedure, which are designed "to prevent the use of surprise, trickery, bluff and legal gymnastics." *Surf Drugs, Inc. v. Vermette*, 236 So. 2d 108, 111 (Fla. 1970).

The Court denied the petition for writ of certiorari and Target was required to produce the video and photographs before the plaintiff's deposition.

6.      The second case on this issue is *McClure v. Publix*, 124 So3d 998 (4DCA 2013). In this case, the Fourth DCA addressed the same issue but from an opposite perspective because the trial court denied the plaintiff's Motion to Compel Production and Publix was allowed to withhold the video until after the Plaintiff was deposed. In short, the Fourth held that there was no abuse of discretion by the trial court and therefore it would not disturb the lower court's ruling. Judge Warner dissented in a lengthy and well-reasoned dissent which is incorporated herein by reference but not repeated in the interests of judicial economy.

7.      There is a third case which is instructive on this issue. In *Ivelisse Cabezudo-Vazquez v. Ross Dress for Less, Inc.*, 27 Fla. L. Weekly Fed. D99a (Case No. 18-80469-CV-Middlebrooks – July 27, 2018), the Court ruled upon the Plaintiff's Motion to Compel Defendant to Produce Video Footage Capturing the Subject Incident, which is basically the same issue the instant case and motion. The Court held that the work product privilege did not protect from

disclosure and, more importantly, ruled:

> Delaying production of videos until after plaintiff's deposition is not appropriate where there appears to be little, if any, prejudice to defendant if plaintiff is permitted to view the video to refresh his recollection prior to his deposition and, moreover, primary evidentiary value of videos predominates over impeachment value. Where primary evidentiary value of videos is proof of facts surrounding the incident underlying the litigation, courts have routinely denied any attempts to delay disclosure until after a plaintiff's deposition.

The Court concluded with finding that the Plaintiff was entitled to a reasonable attorneys' fee and costs because the Defendant's work product privilege objection was not justified, and the Defendant was not substantially justified in refusing to produce the video until after the deposition of the Plaintiff.

8.      In addition, in *Muzaffar v. Ross Dress for Less, Inc.*, 941 F.Supp.2d 1373 (S.D. Fla. Apr. 25, 2013), the court required production of the video prior to the plaintiff's deposition. It catalogued a considerable number of Florida circuit court cases which rejected delaying the production of security surveillance until after the plaintiff's deposition. It is clear that in Florida the vast weight of authority rejects the withholding of security video until after the plaintiff's deposition is taken, unless specific factual circumstances in a particular case provide for a contrary result.

9.      See also, *Business Telecommunications Services, Inc. v. Elena Madrigal*, Case no. 3D18-2106, (Fla. 3rd DCA 2019), where in the appellant, Business Telecommunications Services, Inc was ordered by the trial court to turn over a surveillance video in advance of the deposition of the plaintiff in a personal injury case and the 3rd DCA refused to reverse the trial court's order.

10.     Setting aside policy considerations, the main point in the instant case is whether there is any justification for this Court to exercise its broad discretion to alter the timing of the

production of the video. It is respectfully suggested that there is no reason for this Court to allow Costco Wholesale Corporation to withhold the video until after the Plaintiff's deposition.

11.     The instant case is distinguishable from the legal position Defendant is taking because:

a.     That the Plaintiff does not have any photographs or videos relevant to any of the issues in this case;

b.     That the Defendant, its employees, agents and attorney(s) seem to have access to the video in advance of their testimony, argument and/or evaluation of the claim;

c.     That the video in question is not a surveillance tape taken during the pendency of the claim but rather the primary evidentiary value of the video is proof of the underlying facts surrounding the incident;

d.     The Plaintiff has a real concern and fear that he will not receive a fair trial and risks being unnecessarily ambushed, embarrassed, tricked or bluffed by the experienced defense attorney who, if he has his way, will have the added but unnecessary advantage of studying the video frame by frame before his deposition.

e.     The Plaintiff has asserted or will assert in his answers to interrogatories specific facts as to how the accident occurred.  Thus, he will be under oath already concerning the mechanics of the incident.

12.     It is respectfully submitted that the Defendant's objection should be overruled and the request to exercise discretion to allow Defendant to withhold the video until after the Plaintiff's deposition should likewise be declined.

13.     The Defendant should be ordered to produce the video prior to the Plaintiff's deposition.

WHEREFORE the Plaintiff respectfully requests this Court to grant this Motion to Compel, Overrule the Defendant's Objection, and for such other and further relief as this Court might deem appropriate.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was emailed on this 20 day of June 2022 to: Jaime J. Baca, Esq, *Attorney for Defendant*, COSTCO WHOLESALE CORPORATION located at WICKER SMITH O'HARA MCCOY AND FORD, P.A. 2800 Ponce de Leon Boulevard Suite 800 Coral Gables, FL 33134 Telephone: (305)-448-3939 at jbaca@wickersmith.com and jperez1@wickersmith.com

WOLFSON LAW FIRM, LLP
*ATTORNEYS FOR PLAINTIFF*
3399 SW 3rd Avenue
Miami, Florida 33145
(305)-285-1115 – Telephone
(305)-285-1608 – Facsimile
Eservice6@wolfsonlawfirm.com


By:____/s//Matthew Forrester____
        MATTHEW FORRESTER
        FLA BAR NO. 1032144

Case 1:22-cv-22927-KMW   Document 1-2   Entered on FLSD Docket 09/14/2022   Page 76 of 84

104576-12 JJB/ldc

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE
COUNTY, FLORIDA

ARLETTE TEBELE,                                    CIRCUIT CIVIL DIVISION

     Plaintiff,                                   CASE NO. 2022-002291-CA-01

v.

COSTCO WHOLESALE CORPORATION
and JOHN DOE as manager,

     Defendants.

_____/

## <u>NOTICE OF PRODUCTION FROM NON-PARTY</u>

YOU ARE NOTIFIED that after 10 days from the date of service of this notice, if service is by

delivery or email, or 15 days from the date of service if service is by mail, and if no objection is received

from any party, the undersigned will issue or apply to the clerk of this court for issuance of the attached

subpoenas directed to:

**United Healthcare of Florida, Inc.**
**c/o C T Corporation System, Registered Agent**
**1200 South Pine Island Road**
**Plantation, FL  33324**

**Singer Health Center**
**9727 NE 2nd Avenue**
**Miami Shores, FL 33138**

**MSPRC Liability**
**P.O. Box 138832**
**Oklahoma City, OK 73113**

**Optum, Inc.**
**11000 Optum Circle, MN102-0300**
**Eden Prairie, MN  55344**

**CVS Pharmacy, Inc.**
**c/o CT Corporation System**
**1200 S. Pine Island Rd.**
**Plantation, FL 33324**

CASE NO. 2022-002291-CA-01

**Blue Cross and Blue Shield of Florida, Inc.**
**c/o Chief Financial Officer**
**200 East Gaines Street**
**Tallahassee, FL 32399**

**Touch of Health Rehab, Inc.**
**17070 Collins Avenue, Suite #524**
**Sunny Isles Beach, FL  33160**

**Central Park Physical Medicine and Rehabilitation, P.C.**
**200 Madison Avenue**
**New York, NY  10016**

**Kenneth Hodor, M.D., P.A.**
**Orthopaedic and Hand Surgery**
**2925 Aventura Blvd, Suite 102**
**Aventura, FL 33180**

**AARP Inc. - Registered Agent**
**c/o C T Corporation System**
**1200 S. Pine Island Road**
**Plantation, FL  33324**

**A1 Imaging Centers, LLC Aventura**
**20880 Dixie Highway**
**Miami, FL  33180**

**Mount Sinai Medical Center**
**Attn: Radiology Department**
**4300 Alton Road**
**Miami Beach, FL  33140**

**Mount Sinai Medical Center**
**Attn: Billing Department**
**4300 Alton Road**
**Miami Beach, FL 33140**

**Mount Sinai Medical Center**
**Attn: Medical Records Department**
**4300 Alton Road, Suite 2300**
**Miami Beach, FL  33140**

**Walgreens Pharmacy**
**c/o Corporation Service Company**
**1201 Hays Street**
**Tallahassee, FL 32301**

CASE NO. 2022-002291-CA-01

who are not parties and whose addresses are indicated on the attached subpoenas, to produce the items listed

at the time and place specified in the subpoena.

**<u>CERTIFICATE OF SERVICE</u>**

WE HEREBY CERTIFY that a copy hereof has been electronically served via Florida ePortal to: Jay Dermer, Esquire, eservice3@wolfsonlawfirm.com; jay@wolfsonlawfirm.com; on this 03 day of July, 2022.

*/s/ Jaime J. Baca*
Jaime J. Baca, Esquire
Florida Bar No. 113859
WICKER SMITH O'HARA MCCOY & FORD, P.A.
Attorneys for COSTCO WHOLESALE CORPORATION
2800 Ponce de Leon Boulevard
Suite 800
Coral Gables, FL  33134
Phone: (305) 448-3939
Fax: (305) 441-1745
miacrtpleadings@wickersmith.com

JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO. 2022-002291-CA-01

ARLETTE TEBELE,

     Plaintiff,

  v.

COSTCO WHOLESALE
CORPORATION, and JOHN
DOE as manager.

     Defendant.

_____/

**NOTICE OF SERVICE OF OFFER OF JUDGMENT**
**PURSUANT TO FLORIDA STATUTE 768.79 AND**
**PROPOSAL FOR SETTLEMENT PURSUANT TO F.R.C.P. 1.442**

    Plaintiff, **ARLETTE TEBELE**, pursuant to Rule 1.442, Florida Rules of Civil Procedure, and Section 768.79, Florida Statutes, hereby gives Notice of serving a Proposal for Settlement/Offer of Judgment, upon the Defendant, **COSTCO WHOLESALE CORPORATION**.

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing was emailed on this 15th day of August 2022 to: Jaime J. Baca, Esq, *Attorney for Defendant*, COSTCO WHOLESALE CORPORATION located at Wicker Smith O'hara Mccoy And Ford, P.A. 2800 Ponce de Leon Boulevard Suite 800 Coral Gables, FL 33134 Telephone: (305)-448-3939 at jbaca@wickersmith.com and jperez1@wickersmith.com

                       WOLFSON & LEON
                       *ATTORNEYS FOR PLAINTIFF*
                       3399 SW 3rd Avenue
                       Miami, Florida 33145
                       (305)-285-1115 – Telephone
                       (305)-285-1608 – Facsimile
                       Eservice6@wolfsonlawfirm.com

                       By:_____/s//Matthew Forrester_____
                       MATTHEW FORRESTER
                       FLA BAR NO. 1032144

104576-12 JJB/ldc

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY,
FLORIDA

ARLETTE TEBELE,                                          CIRCUIT CIVIL DIVISION

     Plaintiff,                                          CASE NO. 2022-002291-CA-01

v.

COSTCO WHOLESALE CORPORATION and
JOHN DOE as manager,

     Defendants.

_____/

**CERTIFICATE OF NON-OBJECTION**

TO:     The Clerk of the Court

     Pursuant to the Florida Rules of Civil Procedure a Notice of Production from Non-Party was served

upon counsel for all parties, including the Plaintiff(s), ARLETTE TEBELE. Plaintiff and all other parties are

aware that these records have been requested and no objections have been made to the production of the records

as delineated in the attached Subpoena Duces Tecum without deposition directed to you.  The information is

being subpoenaed for disclosure in the course of a lawsuit filed by the Plaintiff.  This Certificate of Non-

Objection complies with Florida Rule of Civil Procedure 1.351(c), in that this Defendant has made a good faith

attempt to provide written notice to the Plaintiff which included sufficient information about the records being

requested and allowed the Plaintiff sufficient time under the Rules to raise an objection.  The time for any

objections has expired and no objections were filed by any party to the Notices of Production from Non-Party

filed by this Defendant and directed to:

**United Healthcare of Florida, Inc.**
**c/o C T Corporation System, Registered Agent**
**1200 South Pine Island Road**
**Plantation, FL  33324**

**Singer Health Center**
**9727 NE 2nd Avenue**
**Miami Shores, FL 33138**

**MSPRC Liability**
**P.O. Box 138832**
**Oklahoma City, OK 73113**

CASE NO. 2022-002291-CA-01

**Optum, Inc.**
**11000 Optum Circle, MN102-0300**
**Eden Prairie, MN  55344**

**CVS Pharmacy, Inc.**
**c/o CT Corporation System**
**1200 S. Pine Island Rd.**
**Plantation, FL 33324**

**Blue Cross and Blue Shield of Florida, Inc.**
**c/o Chief Financial Officer**
**200 East Gaines Street**
**Tallahassee, FL 32399**

**Touch of Health Rehab, Inc.**
**17070 Collins Avenue, Suite #524**
**Sunny Isles Beach, FL  33160**

**Central Park Physical Medicine and Rehabilitation, P.C.**
**200 Madison Avenue**
**New York, NY  10016**

**Kenneth Hodor, M.D., P.A.**
**Orthopaedic and Hand Surgery**
**2925 Aventura Blvd, Suite 102**
**Aventura, FL 33180**

**AARP Inc. - Registered Agent**
**c/o C T Corporation System**
**1200 S. Pine Island Road**
**Plantation, FL  33324**

**A1 Imaging Centers, LLC Aventura**
**20880 Dixie Highway**
**Miami, FL  33180**

**Mount Sinai Medical Center**
**Attn: Radiology Department**
**4300 Alton Road**
**Miami Beach, FL  33140**

**Mount Sinai Medical Center**
**Attn: Billing Department**
**4300 Alton Road**
**Miami Beach, FL 33140**

**Mount Sinai Medical Center**
**Attn: Medical Records Department**
**4300 Alton Road, Suite 2300**
**Miami Beach, FL  33140**

CASE NO. 2022-002291-CA-01

**Walgreens Pharmacy**
**c/o Corporation Service Company**
**1201 Hays Street**
**Tallahassee, FL 32301**

WE HEREBY CERTIFY that a copy hereof has been electronically served via Florida ePortal to: Jay Dermer, Esquire, eservice3@wolfsonlawfirm.com; jay@wolfsonlawfirm.com; on this 19 day of August, 2022.

*/s/ Jaime J. Baca*
Jaime J. Baca, Esquire
Florida Bar No. 113859
WICKER SMITH O'HARA MCCOY & FORD, P.A.
Attorneys for COSTCO WHOLESALE CORPORATION
2800 Ponce de Leon Boulevard
Suite 800
Coral Gables, FL  33134
Phone: (305) 448-3939
Fax: (305) 441-1745
miacrtpleadings@wickersmith.com

104576-12

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE, FLORIDA

ARLETTE TEBELE,                                    CIRCUIT CIVIL DIVISION

Plaintiff,                                         CASE NO. CASE NO. 2022-002291-CA-01

VS.

COSTCO WHOLESALE
CORPORATION and JOHN DOE as
manager,

Defendants,

_____/

## NOTICE OF UNAVAILABILITY

NOTICE IS HEREBY GIVEN that the undersigned will be absent from the jurisdiction and unavailable during these dates:

**SEPTEMBER 28- SEPTEMBER 30, 2022**

**NOVEMBER 21- DECEMBER 06, 2022**

**DECEMBER 20, 2022- JANUARY 10, 2023**

The undersigned respectfully requests that no Motions, hearings, mediations, depositions, or trials be scheduled and/or set during these time periods.

The filing and service of this Notice shall constitute a notice to all parties that the undersigned will move forward for appropriate relief, including a motion to be excused or continue, as appropriate.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a copy hereof has been electronically served via Florida ePortal to: Jay Dermer, Esquire, (eservice3@wolfsonlawfirm.com ; jay@wolfsonlawfirm.com; ) ; on this **12th** day of **September, 2022**.

CASE NO. 2022-002291-CA-01

/s/ Jaime J. Baca
Jaime J. Baca, Esquire
Florida Bar No. 113859
WICKER SMITH O'HARA MCCOY & FORD, P.A.
Attorneys for BULK EXPRESS TRANSPORT, INC.
2800 Ponce de Leon Boulevard
Suite 800
Coral Gables, FL  33134
Phone: (305) 448-3939
Fax: (305) 441-1745
miacrtpleadings@wickersmith.com